STATE *ex rel.* KNOX, ATTY. GEN., *v.* BOARD OF SUPERVISORS
OF NOXUBEE COUNTY.*

(Division A.    Feb. 21, 1927.    Suggestion of Error Overruled March
21, 1927.)

[111 So. 594.   No. 25774.]

1. TAXATION. *Law authorizing board of supervisions to change as-*
   *sessment at any time held not repealed (Hemingway's Code,*
   *section 6946; Laws 1916, chapter 98, section 6).*
   Code 1906, section 4312 (Hemingway's Code, section 6946), au-
   thorizing board of supervisors to change assessment at any
   time, *held* not repealed by Laws 1916, chapter 98, as conflicting
   with section 6 thereof, providing that property valuations as
   made shall be fixed and legal valuation of property for payment
   of taxes, since purpose of section 4312 is to permit board of
   supervisors to make corrections in value of property for taxa-
   tion, which had theretofore been fixed by assessment roll.

2. TAXATION. *Board of supervisors may change assessed value for*
   *reasons which could have been brought to its attention before*
   *assessment roll was approved (Hemingway's Code, section 6946).*
   Under Code 1906, section 4312 (Hemingway's Code, section 6946),
   authorizing board of supervisors to change assessment to reduce
   or increase true value of property, board may change assessed
   value of land for reasons that could have been brought to its
   attention before assessment roll was approved, in case of
   overvaluation known to be such.

---

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1091, n. 61.

APPEAL from chancery court of Noxubee county.
HON. T. P. GUYTON, Chancellor.
Suit by the state, on the relation of Rush H. Knox,
attorney-general, against the board of supervisors of
Noxubee county. Decree for defendant, and complain-
ant appeals. Affirmed.

*J. L. Byrd,* Assistant Attorney-General, for the appellant.

I.   The court erred in sustaining the motion to dissolve and in sustaining the demurrer to the original bill. The history of this lawsuit is that the board of supervisors of Noxubee county in the manner and at the time provided by law equalized the assessment of property for taxation.   The recapitulation of the rolls was sent to the state tax commission and an increase was ordered in the value of standing timber.   The board of supervisors, in accordance with law and as provided by law, duly raised the assessment of the standing timber and the raise was approved by the state tax commission and a final order approving the rolls as raised was placed on the minutes of the board of supervisors.   There was no appeal from this action of the board of supervisors by any taxpayer aggrieved.

The board of supervisors acting on an *ex parte* petition undertook to reduce the assessment of the timber owners named in the bill and in fact did pass an order granting them a reduction, which reduction was greater than the increase ordered by the state tax commission; hence, the injunction.

At the threshold of this case we are met with the construction of section 4312, Code of 1906, which section authorizes the board of supervisors to grant a reduction at any time for overvaluation known to be such, and other causes.   Our contention is that this statute has been repealed.   Chapter 98, Acts of 1906, prescribed the time and manner in which the assessment rolls are furnished, the duties of the tax commission with reference thereto, etc.   The act in section 8 provides that all laws or parts of laws in conflict with this act are repealed.

Now we submit that this statute repealed section 4312, for the reason that under section 4312 there can be no finality of action in the assessment of property, but

the Act of 1916 says there must be a finality and there is a final period.

To hold that section 4312 is still in force will absolutely nullify the other acts of the legislature creating the tax commission and providing its duties.

Here the tax commission ordered a raise, the board of supervisors apparently acquiesced in this order and proceeded to raise the particular property ordered to be raised, and after the tax commission had approved its acts and the matter was out of the tax commission's hands, when the state had no say-so and when the time for appeal had expired after the budget had been made and after the tax levy had become final, the board of supervisors acting on an *ex parte* petition on a matter about which there had been absolutely no change, according to the bill and admitted by the demurrer, from the date of its first assessment by the tax assessor to the date of the attempted reduction, arbitrarily granted a horizontal reduction of fifty per cent in some cases and nearly that much in others. If the board of supervisors has the power to do this with one assessment or with one class of taxpayers, then it has the right to do the same thing with all other taxpayers and thus absolutely nullify the action of the state tax commission and as a result thereof nothing but chaos will come of it.

If we concede that section 4312 has not been repealed, then we submit that it cannot be retroactive in its effect, for the reason that the law gives to the taxpayer several opportunities to appeal from his assessment and several opportunities to file objections, and he is in court, and the plain and positive mandate of the statute is that unless objections are filed at the time fixed by law, all persons are precluded from objection thereto, except minors and persons of unsound mind.

To hold that this statute is retroactive in effect would bring about a state of uncertainty in taxation and the collection of taxes that would amount to demoralization.

*L. L. Martin, Dent & Lucas* and *Gabe Jacobson,* for appellant.

The action of the court below in sustaining the motion to dissolve the injunction and in sustaining the demurrers to the original bill and dismissing the suit was proper. This suit again brings before this court the construction of section 4312, Code of 1906 (section 6946, Hemingway's Code). This court has previously construed the above section favorably to the appellees and so full and certain that it would seem to us that it should be forever set at rest. *Board of Sup'rs of Jones County* v. *Laurel Mills,* 130 Miss. 454, 94 So. 448, is conclusive.

Counsel for appellant has much to say in his brief with reference to the policy of the legislation giving the state tax commission certain rights and powers and argues in a way that what was done in this case would have the effect of nullifying the legislation passed in favor of the tax commission. We cannot agree with him in this contention which, if it could be maintained, would virtually wipe away section 112 of the Constitution, which, among other things, provides that all property shall be assessed at its true value. In this case the pleadings show that the reduction made by the board of supervisors of Noxubee county was a reduction made after having heard evidence in the matter and being convinced that the reduction should be made in order that the assessment should be made against the property at its true value. *Darnell* v. *State Rev. Agt.,* 109 Miss. 574; *Knox* v. *Southern Paper Co.,* 109 So. 288; *Land & Lbr. Co.* v. *Roberson,* 126 Miss. 535, 89 So. 160; *Wray* v. *Clevelan State Bank,* 134 Miss. 41, 98 So. 442.

Appellant also suggests in his brief that section 4312 was repealed by implication by the Acts of 1916, chapter 98. We cannot see where there is any conflict in section 4312 and chapter 98, Acts of 1916, whatsoever, because the rights given under section 4312 are the rights given to the board of supervisors to correct an error of

an overvaluation known to be such, in order to abide by the constitutional inhibition that property should not be assessed above its true value, and that it will be violative of all the rules of construction to repeal that section by implication when taken in connection with chapter 98, Laws of 1916. *Darnell* v. *State Rev. Agt.*, 109 Miss. 576; *Board of Sup'rs of Wayne County* v. *M. & O. R. R. Co.*, 99 Miss. 845, 56 So. 127.

Smith, C. J., delivered the opinion of the court.

The appellant sued the members of the board of supervisors and its clerk, the bill of complaint alleging that the tax assessment roll had been finally approved, but that the board of supervisors had either entered or intended to enter an order reducing the timber assessment of several named persons, and prayed that the board be enjoined from entering such an order, or, if entered, that its clerk be enjoined from certifying it to the tax collector. A preliminary injunction was issued, but afterwards, on motion of the defendant to the bill, was dissolved, and the bill dismissed.

The statute under which the board is alleged to have intended to act, or to have acted, as the case may be, is section 4312, Code of 1906 (Hemingway's Code, section 6946), which provides that:

"In case of destruction or deterioration in value of any real estate by any casualty, or in case of overvaluation known to be such, or in case of clerical error in the assessment rolls, or in case of change of ownership after assessment, or in case of an increase of value by the erection of improvements, or on satisfactory evidence of such increase from other causes, the board of supervisors shall have power at any time, on the application of a party interested, or otherwise, to change the assessment so as to reduce or increase to the true value of the property, or to cause the taxes to be charged to the purchaser thereof. And in case of the reduction or

increase of any assessment, the same shall be certified by the clerk of the board of supervisors to the auditor; but the board shall not, after the approval of the roll, change an assessment except in the cases enumerated.''

The appellant's contentions, as set out in the brief of the Assistant Attorney-General, are: · ·

First, ''.that this statute has been repealed; second, that, if it has not been repealed, it is not retroactive in effect, and that the board of supervisors cannot grant a reduction which has in fact a retroactive effect; third, that the statute does not apply where a person has had full notice of the proceedings of the board of supervisors and has failed to file objection and carry them to conclusion, and has failed to appeal from the action of the board of supervisors.''

The statute here claimed to have repealed section 4312 of the Code is chapter 98, Laws of 1916, which provides for the correction of assessment rolls by boards of supervisors in accordance with directions so to do by the state tax commission. Our attention is called to section 6 of the statute, which provides that ''the revised and corrected property valuations thus made shall be the fixed and legal valuation of the property for the payment of taxes, and it shall be the duty of the taxpayer to pay his taxes thereon accordingly,'' and to section 6 thereof, which repeals all laws in conflict therewith. The argument is that the provision of section 6, that ''property valuations thus made shall be the fixed and legal valuation of the property for the payment of taxes,'' conflicts with and therefore repeals section 4312 of the Code, by which the board of supervisors are authorized to change the assessment at any time; in other words, a declaration that the value of property has become ''fixed'', negatives any intent that such value may thereafter be changed.

There can be no merit in this contention, for the reason that the chapter of the Code of 1906 in which section 4312 appears, contains sections providing for the ap-

proval of the assessment roll, which approval *ex vi termini* fixes the value for taxation of the property therein listed, and the purpose for which section 4312 was enacted was, and the only purpose it can serve is, to permit the board of supervisors to make corrections in the value of property for taxation which had theretofore been fixed by the assessment roll.

The appellant's second and third contentions we understand to be that the statute does not contemplate any change by the board of supervisors in the assessed value of land for reasons that could have been brought to its attention before the assessment roll was approved. We do not so understand the statute. The change authorized, and here intended to be made, is "in case of overvaluation known to be such." The valuation to be changed is obviously that fixed by the approval of the roll, for other statutes provide the procedure for increasing and reducing values prior thereto.

We are not here concerned with what is an overvaluation known to be such, or with the evidence on which a correction therefor should be based. Other questions are presented by the record, but the foregoing views relieve us from considering them.

*Affirmed.*