**MOSS, Sheriff, v. GILCHRIST–FORDNEY CO. et al.**

Circuit Court of Appeals, Fifth Circuit.
March 16, 1928.

No. 5053.

1. Taxation ⬤⟳470—Reduction of assessments of real estate by board of supervisors in Mississippi to equalize them with other assessments held legal (Hemingway's Code Miss. 1927, § 9409 et seq.).

Under the law of Mississippi (Hemingway's Code Miss. 1927, § 9409 et seq.), providing for appeal from an assessment of real estate by a board of supervisors to a board of arbitration composed of two members, with power to appoint a third in case of disagreement, and vesting the board of supervisors with power to equalize individual assessments, where on some appeals the arbitrators reduced assessments, while on others involving similar property the appeals failed because the arbitrators could not agree on the assessments or a third arbitrator, as to those the matter stood as though no appeal had been taken, and the board of supervisors still had power to reduce the assessments, to equalize them with those reduced by the arbitrators.

2. Courts ⬤⟳356(9)—Appellate court may refuse to consider evidence, unless stated in record in simple and condensed form as required by rules (equity rule 75b).

If equity rule 75b, requiring evidence to be stated in the record on appeal in "simple and condensed form," is disregarded, and the evidence set out in full, the court in its discretion may refuse to consider it.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit in equity by the Gilchrist-Fordney Company and others against J. H. Moss, Sheriff. Decree for complainants, and defendant appeals. Affirmed.

A. J. McLaurin, of Jackson, Miss. (May, Sanders & McLaurin, of Jackson, Miss., on the brief), for appellant.

Stone Deavours and Henry Hilbun, both of Laurel, Miss., and T. J. Wills, of Hattiesburg, Miss. (C. S. Street, of Laurel, Miss., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellees filed separate bills to enjoin the collection of certain taxes. They admitted owing some $93,-000 in taxes, but allege that appellant, the sheriff and tax collector of Smith county, Mississippi, had illegally demanded an excess of 15 per cent. of taxes and in addition penalties of 10 per cent., and unless restrained would proceed to sell their property. The amount in dispute was deposited in court, and the suits were consolidated for trial. A master was appointed without objection, and on exception to his report the court affirmed it, and entered judgment for appellees. There is some conflict in the evidence, but only as to immaterial facts, which we will not discuss. The material facts are these:

[1] All of the standing pine timber in Smith county, Miss., is owned by seven persons. Three of them, including appellees herein, are owners of what is designated as long straw timber, and the other four are owners of short straw timber. All of the timber was valued the same by the county board of supervisors, but on review, a step necessary to a final assessment, the state tax commission ordered an increase of 25 per cent. on the long straw timber. The board of supervisors protested to the tax commission, as they had the right to do, the ruling was changed, an increase of 15 per cent. on all the timber in the county was ordered, and assessments were made on that basis by the board of supervisors. All of the taxpayers then appealed from this action of the board of supervisors to boards of arbitration provided for by law (Hemingway's Code Miss. 1927, § 9409 et seq.). A board of arbitration is constituted of one member designated by the tax commission and one by the taxpayer. If they cannot agree, a third member is appointed by the first two, and the decision of the board, however constituted, is final regarding assessments submitted to them. The arbitrators appointed to consider the appeal of the short straw owners agreed, and rejected the 15 per cent. increase ordered by the tax commission, reducing the valuations to the original assessment. The arbitrators appointed to review the long straw assessments could not agree as to the value, nor as to the appointment of the third member.

Appellees then applied to the board of supervisors to dismiss their appeals to arbitration, an order to that effect was entered, and the board of supervisors, considering there was an overvaluation of appellees' property, known to be such, then reduced the assessments on the long straw timber to equalize it with the other assessments in the county, taking off the 15 per cent. increase. This reduction became effective February 1, 1926. On that day the taxes due on the reduced assessments were tendered to the sheriff, but he declined to receive them, as he did not have the tax bills made out, but he made no other objection. On February 3, 1926, the sheriff was served with an injunc-

tion, sued out by the Attorney General of Mississippi, restraining him from accepting the taxes, less the 15 per cent. increase ordered by the tax commission. Thereafter this suit was dismissed by the Attorney General, and the sheriff so notified, and appellees again sought to pay their taxes, but the sheriff declined to receive them. They then offered to pay the 15 per cent. increase under protest, but this the sheriff also declined to accept, unless 10 per cent. penalties were added, on the ground that he had listed the taxes as delinquent. All he had done in this regard was to make up a list of the taxes in pencil.

There is no doubt that the board of supervisors has the authority to equalize assessments within the county between individuals, when the overvaluation is known to be such, after the assessment has been passed on by the tax commission. State ex rel. Knox v. Board of Supervisors, 146 Miss. 345, 111 So. 594. It is contended, however, that the board was without jurisdiction to dismiss appellees' appeal to the board of arbitration, and that, the question of value having been so submitted, there was no other valuation known to be such when the reduction was made, because the matter was then in controversy.

In support of this contention it is argued that, if the board of supervisors could dismiss the appeal to arbitration, they could make assessments without regard to the superior authority of the tax commission. It might be argued with equal force, on the other hand, that a taxpayer, by resorting to arbitration, might postpone the payment of his taxes indefinitely; so the argument has little weight. There is no doubt that appellees had the right to abandon the arbitration, when it became apparent that the board of arbitration could not be organized so as to function, and it is immaterial how this was brought about. It is apparent in this case that the failure of arbitration was through no fault of appellees. 2 R. C. L. 256; 5 C. J. 576. With the failure of the arbitration, the assessment of the 15 per cent. increase was left in effect on all the long straw timber, while it had been reduced to the original figures fixed by the board of supervisors on the short straw timber, a mani-

fest injustice and inequality of taxation, and, of course, the board of supervisors knew that there was an overvaluation of the long straw timber.

The law of Mississippi (section 1951, Hemingway's Code of 1927) provides for the imposition of a penalty of 10 per centum on all taxes collected on real property when and after such property has been listed for advertisement and sale; but it also provides that no penalties shall attach until 30 days after a legal assessment has been approved. Regardless of whether the mere making out of a pencil memorandum is a listing of property for advertisement and sale, which would warrant the collection of penalties, there was no legal assessment of appellant's property until February 1, when the order of the board of supervisors taking off the 15 per cent. increase was entered. Prior to that the assessment was in abeyance, and not final. The taxes were tendered to the sheriff before 30 days after the approval of the assessment, and therefore no penalties had attached.

[2] There remains a feature of the appeal of which we feel constrained to take notice. The testimony taken before the master appears in the printed record as it fell from the lips of the witnesses, and not in condensed narrative form, as required by equity rule 75b. This rule is not to be evaded by agreement of counsel, or an order of the District Court permitting the bringing up of all the evidence in its original form, though the rule contemplates the inclusion in the transcript of some of the testimony in the form of question and answer, in a proper case. Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co., 48 S. Ct. 183, 72 L. Ed. ——, decided Jan. 3, 1928. We have heretofore announced our views as to the necessity of observing the rule. Roxana Pet. Co. v. Rush (C. C. A.) 295 F. 844; Buckeye Cotton Oil Co. v. Ragland (C. C. A.) 11 F. (2d) 231. In the exercise of discretion, we have disregarded the violation of the rule in this case; but it should be understood that a violation may lead to a refusal to consider the evidence improperly brought up and a decision on the appeal consistent therewith.

The judgment of the District Court was right. It is affirmed.