## JACKSON v. NORRIS et al.

Circuit Court of Appeals, Fifth Circuit. January 17, 1930.

Rehearing Denied February 10, 1930.

No. 5693.

D. B. Chapin, of Barstow, Tex. (D. B. Chapin, of Barstow, Tex., on the brief), for appellant.

Mark McMahon, Gillis A. Johnson, and W. P. McLean, all of Fort Worth, Tex., William H. Clark, of Dallas, Tex., and Stanley Boykin, of Fort Worth, Tex. (Stanley Boykin, Gillis A. Johnson, Mark McMahon, and Cantey, Hanger & McMahon, all of Fort Worth, Tex., on the brief), for appellees.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. In the above cause the appellee has first moved to dismiss the appeal because there was never any order therefor by the court below or citation signed by the judge. In the alternative, if this court should find that the notice given in open court was sufficient to constitute an appeal, then no assignment of errors was attached thereto, and the record was not filed in this court within 30 days therefrom, as required by our rules; the judgment having been signed on May 8, 1929, the written notice of appeal filed on May 9, 1929, and the record filed in this court "after August 24, 1929." Subject to said motion, appellee has moved to strike the purported bill of exceptions from the record for the reasons (1) that the bill of exceptions does not contain the order and judgment of the trial court as entered on said evidence; and (2) that the purported bill of exceptions and statement of facts is not in narrative form and is directly contrary to Rule 10 of this court, in that it "contains all the evidence in question and answer form, all colloquies between counsel, all statements of the court, all documentary evidence, none of which are necessary to a determination of the one issue in this case, should the court entertain the appeal.

The printed volume as brought up contains 1,035 pages, including literal copies of the pleadings, oral testimony in question and answer form, colloquies between counsel, statements of the court, etc., with some 86 exhibits, all of which were presented to the judge with a written motion "that it be approved and ordered filed as a part of the record of said cause," upon which the lower court gave its approval in the following manner:

"The foregoing transcript of the evidence is hereby approved as a full, true and correct statement of the evidence introduced and proceedings during the trial of said cause before the jury, but not on the hearing of the plea in abatement, and the Clerk of this Court is hereby ordered and directed to file the same as a part of the record in said cause.

"Done at ———— this 5th day of August, A. D., 1929. [Signed] Robert T. Ervin,

United States District Judge, presiding during said trial."

The evidence of the plaintiff was concluded on the 8th day of May, and on the motion of the defendants, which the court states it would treat as a general demurrer thereto, the case was dismissed for "want of sufficient proof." To this action the plaintiff excepted and immediately gave verbal notice of appeal in open court, and, upon request of his counsel that he "have ninety days for my bill of exceptions and writ of error," the court stated, "I will grant you ninety days." The exhibits were then copied into what was evidently intended for a bill of exceptions. Then follows a certificate of the court reporter that the foregoing was a correct transcript of the notes of evidence and proceedings had and exhibits offered. Next appears the certificate and order of the court directing that the whole be filed "as a part of the record in said cause," as quoted above. Following this order is what purports to be the judgment of the court, assignment of errors and notice addressed to the defendants that plaintiff "does hereby appeal from the judgment of the above entitled court sustaining the defendant's demurrer to plaintiff's evidence and dismissing said motion." This was labeled "Notice of Appeal," and was filed on May 9, 1929, while the assignment of errors purports to have been filed on July 8, 1929. Immediately after said notice appears the following:

"The above named Will A. Jackson feeling aggrieved by the judgment rendered and entered in the above entitled cause on the 8th day of May, 1929, does hereby appeal from said judgment to the United States Circuit Court of Appeals for the 5th Circuit, for the reasons set forth in the assignments of error filed herewith. [Signed] D. B. Chapin, Attorney for Plaintiff."

Attached thereto is the affidavit of one C. J. Nolan that he "had served copy of the above notice of appeal on the attorneys of record for the said defendants." Then appears the appeal bond for $500, also filed on the 8th day of July, 1929, but bearing no approval of the court. The remaining pages of the printed volume are what purport to be, first, the answer of one of the defendants, W. A. Hanger, to plaintiff's second amended petition; second, the first amended answer of the defendants; third, the judgment of the court below on a plea in abatement; fourth, a request by the attorneys for the appellee that the documents just described be included in the transcript, and that, if a transcript of the evidence was included at the request of the plaintiff, the evidence heard "on the plea

in abatement and demurrer be included therein" also. Finally the printed volume closes with the certificate of the clerk that the same "is a full, true and correct copy and transcript of the record of all the papers called for in praecipes which are a part of this transcript," except the evidence which was taken on the plea in abatement, which was not included because not transcribed.

From the above it will be seen that the voluminous record brought up herein amounts to a gross violation of the rules of the Supreme Court and of this court, requiring that the testimony be reduced to narrative form and not be presented in the manner as has been done in this instance. We have had occasion repeatedly to remind litigants of the importance of observing these rules, as has also the Supreme Court. Roxana Petroleum Co. v. Rush (C. C. A.) 295 F. 845; Buckeye Cotton Oil Co. v. Ragland (C. C. A.) 11 F. (2d) 231; Moss v. Gilchrist-Fordney Co. (C. C. A.) 24 F.(2d) 931; Lees v. United States, 150 U. S. 476, 14 S. Ct. 163, 37 L. Ed. 1150; Newton v. Consolidated Gas Company, 258 U. S. 165, 42 S. Ct. 264, 66 L. Ed. 538; City of Houston v. Southwestern Bell Telephone Co., 259 U. S. 318, 42 S. Ct. 486, 66 L. Ed. 961. Besides, what appears to have been intended as a bill of exceptions, in view of the condition above referred to, can scarcely be considered as such.

In any event, the only motion or petition for appeal was that filed on May 9, 1929, which was not accompanied by any assignment of errors, the latter having not been filed until July 8, 1929, the appeal bond was likewise not filed until the 8th day of July, 1929, and was never approved by the lower judge. Rule 11 of this court provides:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed."

We also quote subdivision 5 of Rule 14:

"All appeals, writs of error and citations must be made returnable and the transcript filed in the clerk's office at New Orleans not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day."

If we treat the motion for appeal and bond filed on May 9th as having had the effect of being taken in open court without the

necessity of citation, then the delays under the above rules commenced to run from that time, and the transcript should have been filed in this court not later than 30 days thereafter, unless an extension of time therefor was obtained. It is not pretended that this was done and the record was filed here on August 28, 1929, or more than 3½ months later. The assignment of errors was also filed some 60 days after the taking of the appeal, in violation of Rule 11, above quoted. If what was done on May 9th should not be considered as the taking of the appeal, then there was no citation signed by the court, nor approval of the appeal bond, which would be equally fatal.

We are not unmindful of the fact that the lower court allowed the plaintiff 90 days within which to present his bill of exceptions and take his appeal. However, the only way this could have been done was for the plaintiff to postpone filing his petition for appeal, which could have been done at any time within the statutory period of 3 months, then get up his bill of exceptions, take his appeal, obtain his citation from the court, have his bond approved, and file his transcript within the 30 days provided by our rules, or else he should have obtained from this court an extension of time within which to file the transcript.

Neither course having been pursued, the result is that the appeal must be dismissed, and it is accordingly so ordered.