MILLER v. C. & N. W. R. Co.

59 707
80 667
59 707
106 244

1. **Railroads:** RATE OF SPEED: VERDICT: EVIDENCE TO SUPPORT. Since it appears from the evidence in this case the accident to plaintiff's horse, for which he seeks to recover, may have been occasioned by defendant's train entering upon the depot grounds at the unlawful rate of more than eight miles per hour, notwithstanding the fact that the train had slowed down to a speed of less than eight miles per hour before the animal came upon the track, and the evidence is thus susceptible of a construction consistent with the verdict, the verdict will not be set aside as not being supported by the evidence.

2. ———: INJURY TO STOCK RUNNING AT LARGE: CONTRIBUTORY NEGLI-GENCE. An instruction in the following language: " If the plaintiff knowingly allowed his horse to be upon and to frequent the depot and station grounds of defendant, where it was not required to fence, and where there was danger of the horse being struck by the trains of defendant, he is guilty of contributory negligence, and cannot recover in this action," *held*, properly refused. *Kuhn v. C. R. I. & P. R. Co.*, 42 Iowa, 420.

3. ———: INJURY TO STOCK ON DEPOT GROUNDS: DOUBLE DAMAGES: STATUTE CONSTRUED. A statute ought not to be so construed as to create or authorize the recovery of a penalty, unless the intention to do so is clear. Consequently, the latter part of § 1289 of the Code, making railroads liable under said section for the operating of trains in depot grounds at a greater rate of speed than eight miles per hour, being susceptible of a different construction, will not be construed so as to authorize the recovery of double damages for injuries to stock caused by a violation of said statute.

SATURDAY, OCTOBER 21.

*Appeal from Story Circuit Court.*

THIS is an action to recover double damages for the killing of plaintiff's horse, upon defendant's depot grounds, by a train

running, it is alleged, at a greater rate of speed than eight miles an hour. Upon motion of the defendant, all that portion of the petition relating to double damages was stricken out.

The defendant denied the allegations of the petition, and alleged that the plaintiff contributed to the injury by allowing his horse to run at large in the vicinity of the depot grounds. There was a jury trial resulting in a verdict and judgment for the plaintiff for one hundred dollars. Both parties appeal. The defendant, having first served notice of appeal, is to be denominated the appellant.

*Hubbard, Clark & Dawley*, for appellant.

*Geo. A. Underwood* and *S. F. Balliett*, for appellee.

DAY, J.—I.   It is insisted by the defendant that the verdict is not supported by the evidence. Section 1289 of the Code

1. RAILROADS: rate of speed: verdict: evidence.

provides: "The operating of trains upon depot grounds necessarily used by the company and public, where no such fence is built, at a greater rate of speed than eight miles per hour, shall be deemed negligence and render the company liable under this section." There was evidence tending to show, and from which the jury could have found, that the train in question, when it passed the east switch and entered upon the depot grounds, was running at a rate of from fifteen to sixteen miles an hour, and that the whistle for stock was made soon after the engine crossed the switch. Before the animal actually came upon the track, which was about five or six rods ahead of the engine, it appears without conflict in the evidence that the train had slowed down to a speed less than eight miles an hour, and that, when the engine struck the horse in question, the train had so nearly stopped that the fireman got off the engine and went ahead of it, and drove another animal off the track. From the fact that the stock whistle was sounded soon after the train passed the east switch, the jury were authorized to

find that the animal in question was then discovered to be in a dangerous situation.

And from the fact that the train had so nearly stopped when the accident occurred, the jury were authorized to find that the train would have been stopped entirely, if it had entered the depot grounds at a speed not exceeding eight miles an hour.

It follows that the accident may have been occasioned by the train's entering upon the depot grounds at a speed greater than eight miles an hour, notwithstanding the fact that the train had slowed down to a speed less than eight miles an hour before the animal actually came upon the track. We do not feel authorized to disturb the verdict upon the ground that it is not supported by the evidence.

II. The evidence shows that the plaintiff lived about one hundred yards from the depot, and that the night before the injury he turned his horses out to graze north of the depot, and that they were in the habit of running at large and grazing upon the depot grounds. The defendant asked the court to instruct the jury as follows: "If the plaintiff knowingly allowed his horse to be upon and to frequent the depot and station grounds of defendant, where it was not required to fence, and where there was danger of the horse being struck by the trains of defendant, he is guilty of contributory negligence and cannot recover under this action." The refusal to give this instruction is assigned as error.

*2. ——: injury to stock running at large: contributory negligence.*

This instruction was properly refused under the doctrine announced in *Kuhn v. C. R. I. & P. R. Co.*, 42 Iowa, 420. The case of *Van Horn v. B., C. R. & N. R. Co.*, 33 *ante*, is not in point. In that case it was held that the defendant should have been allowed to prove that the stock killed ran at large unlawfully, in violation of a city ordinance.

III. It is claimed that the verdict is contrary to the instructions of the court, that the plaintiff must show that the injury occurred without fault or negligence on his part and

that, right or wrong, this instruction embraces the law of the case and must be followed. But the court further instructed the jury that it was not necessarily negligence for the plaintiff to suffer his horse to run at large, and left it to them to determine as a question of fact, whether the plaintiff exercised such ordinary and reasonable care to prevent injury as an ordinarily prudent person would exercise under like circumstances. The instructions clearly left it to the jury to determine whether, under the circumstances, it was negligence for the plaintiff to allow his horse to run at large. It cannot be claimed that the jury, in rendering a verdict for the plaintiff, disregarded these instructions.

IV. The plaintiff's appeal presents the question as to his right to recover double damages. Section 1289 of the Code is as follows: " Any corporation operating a railway, that fails to fence the same against live stock running at large at all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence for the value of the property or damage caused, unless the same was occasioned by the willful act of the owner or his agent. And in order to recover, it shall only be necessary for the owner to prove the injury or destruction of his property; and if such corporation neglects to pay the value or damage done to any such stock within thirty days after notice in writing, accompanied by an affidavit of such injury or destruction, has been served on any officer, station or ticket agent employed in the management of the business of the corporation, in the county where the injury complained of was committed, such owner shall be entitled to recover double the value of the stock killed or damages caused thereto. *      *     *     *. The operating of trains upon depot grounds necessarily used by the company and public where no such fence is built, at a greater rate of speed than eight miles per hour, shall be deemed negligence and render the company liable under this section." The body of this section was enacted in .

3. ———: injury to stock on depot grounds: measure of damages: statute construed.

1862. The provision respecting the operating of trains upon the depot grounds was added in 1873, when the Code of 1873 was adopted. This provision is susceptible of two constructions. First: That it creates a liability to the same extent as for a failure to fence, including a liability for double the damages caused, upon a failure to pay for the injury within thirty days after the giving of the prescribed notice. Second: That it simply makes the running at a greater rate of speed than eight miles an hour negligence and creates a liability therefor, leaving the extent of the liability to be determined by the amount of injury done. The provision in this section making the defendant liable for double the damages is in its nature penal. A statute ought not to be so construed as to create or authorize the recovery of a penalty, unless the intention to do so is clear. Inasmuch as this provision of the statute is susceptible of different constructions, it ought not, we think, to be so construed as to authorize the recovery of double damages. Upon both appeals the judgment is

AFFIRMED.