Sheik v. Hobson, Adm'r.

think, by *People v. Commissioners*, 4 Wall., 256. In our opinion, the judgment of the circuit court must be

AFFIRMED.

## SHEIK v. HOBSON, ADM'R.

1. **Punitory Damages**: OBJECT OF: NOT AWARDED AGAINST ADMINIS-TRATOR OF WRONG-DOER. The object of exemplary, punitory or vindictive damages is to punish the wrong-doer, and not to compensate the person injured; and, although, under section 2525 of the Code, the cause of action for a tort survives the death of the wrong-doer, yet, since the civil law never inflicts vicarious punishment, nothing more than compensatory damages can be awarded against the personal representative of the wrong-doer.

*Appeal from Clayton Circuit Court.*

WEDNESDAY, JUNE 11.

ACTION for damages on account of slanderous words spoken of plaintiff by defendant's intestate. There was a verdict and judgment for plaintiff for $1,000. Plaintiff appeals.

*J. W. Rogers & Son*, for appellant.

*Murdork & Larkin, Ainsworth & Hobson, Noble & Updegraff* and *Cyrus Wellington*, for appellee.

REED, J.—The action was originally brought against Henry Rush; but, during its pendency, he died, and defendant, Hobson, administrator of his estate, was substituted as defendant.

The alleged slanderous words imputed to plaintiff a want of chastity. They are alleged to have been spoken in the presence of plaintiff's husband, and were to the effect that Rush had had sexual intercourse with plaintiff.

At the trial, plaintiff asked the court to give the following instructions:

1. "If you find that the defendant, Henry Rush, did publish in substance the words alleged in the petition as the grounds of the action, and that said publication was made maliciously and wantonly, you are instructed that you may give exemplary damages."

2. "You are instructed that, if you find from the evidence that the slanderous words were published, and that the same were dictated or accompanied by malice, oppression or gross negligence, you can give exemplary damages in your verdict."

The court refused to give these instructions, but told the jury that "damages on account of maliciously speaking the words, or, in other words, exemplary damages, are not to be given." Error is assigned by plaintiff on the giving of this instruction, and the refusal to give those asked.

The question raised by the assignment is, whether exemplary or punitory damages may be awarded against the personal representative of a deceased wrong-doer.

There is no doubt but at common law the remedy for an injury, such as plaintiff complains of, determines upon the death of the wrong-doer. 1 Chitty on Pleadings, 89. But, under our statute, Code, § 2525, all causes of action survive, "and may be brought, notwithstanding the death of the person entitled or liable to the same."

Plaintiff's position is that, under this section, the right is preserved to her to have damages of this character assessed on account of the wrongful and malicious act by which she has suffered, notwithstanding the death of the one who committed the act.

But we think the position is not sound. It cannot be said in any case, (unless the right is created by statute,) that the person who suffers from the wrongful or malicious acts of another has the right to have vindictive damages assessed against the wrong-doer. Such damages are awarded as a punishment of the man who has wickedly or wantonly violated the rights of another, rather than for the compensation of the one who suffers from his wrongful act. It is true,

they are awarded to the one who has been made to suffer; but not as a matter of right. For, while he is entitled under the law to such sum as will fully compensate him for the injury sustained, the question whether punitory damages shall be assessed, and the amount of the assessment, is left to the discretion of the jury.

Plaintiff had a right of action, on account of the slanderous words spoken by Rush, for such sum as would compensate her for the injury. This was her cause of action, and this is what was preserved to her by the statute at his death. But she had no personal interest in the question of his punishment. So far as he was concerned, the punitory power of the law ceased when he died. To allow exemplary damages now would be to punish his legal and personal representatives for his wrongful acts, but the civil law never inflicts vicarious punishment.

Our holding as to the object of assessing exemplary damages in any case is abundantly sustained by the authorities, both in this state and elsewhere. We content ourselves, however, with citing the following cases in this state; *Hendrickson v. Kingsbury*, 21 Iowa, 379; *Garland v. Wholeham*, 26 Id., 185; *Ward v. Ward*, 41 Id., 686.

We think, therefore, that the holding of the circuit court is correct; and the judgment is

AFFIRMED.