## MORIARTY v. THE CENTRAL IOWA RAILWAY COMPANY.

1. **Practice in Supreme Court:** MOTION TO STRIKE OUT EVIDENCE: AFFIDAVITS TO SUPPORT. A motion to strike the evidence from the abstract, on the ground that it was not preserved by bill of exceptions, or otherwise properly identified, cannot be supported or attacked by affidavits, but must be determined from the record itself.

2. ———: EVIDENCE NOT IDENTIFIED STRICKEN FROM ABSTRACT. Where it does not appear from the record that the evidence in a law case was preserved by bill of exceptions, or otherwise identified, though it does appear that it was taken down and filed by the short-hand reporter, and the abstract purports to contain only what, in the opinion of counsel, the evidence tends to establish, that portion of the abstract purporting to set out the evidence will be stricken out on motion.

3. **Railroads:** FAILURE TO MAINTAIN CATTLE-GUARDS: INJURY TO STOCK: DOUBLE DAMAGES. A cattle-guard is not an essential portion of a fence, within the meaning of the statute providing for the recovery of double damages for injuries to stock in cases where railroad companies neglect to maintain fences; but, under section 1288 of the Code, a company is liable for single damages only where stock is injured by reason of negligence in keeping a cattle-guard in repair.

4. ————: INJURY TO STOCK: HERD-LAW: CONTRIBUTORY NEGLIGENCE: EVIDENCE. Where plaintiff, in a county where the herd-law was in force, turned his horses into an enclosure upon his farm fenced with a hedge fence, and they escaped therefrom without his knowledge, and strayed upon the defendant's track, where they were killed by a passing train, *held* that he could not be considered guilty of contributory negligence, in the absence of proof that the fence was not reasonably sufficient.

*Appeal from Marshall District Court.*

FRIDAY, OCTOBER 24.

THE plaintiff claims to have had two horses killed by a train on the defendant's road, and he seeks to recover double the value of the horses in this action. Trial by jury, judgment for plaintiff, and defendant appeals.

*H. E. J. Boardman, J. H. Blair* and *A. C. Dailey*, for appellant.

*Sutton & Childs*, for appellee.

SEEVERS, J.—I. Counsel for the appellee have filed a motion to strike out what purports to be the evidence set out in the

1. PRACTICE in supreme court: motion to strike out evidence: affidavits to support.

abstract, on the ground that it was not preserved by bill of exceptions, and is not otherwise properly identified. This motion is supported by affidavits, but we think the record must speak for itself, and that it can neither be attacked nor supported by affidavits.

Upon looking into the record as set out in the abstract, we find that it does not purport to state that the evidence was

2. ——:      preserved by bill of exceptions; but counsel for
evidence not
identified    appellant contend that it was taken down by the
stricken from
abstract.     official reporter, and that his notes, when filed,
became a part of the record, under section 3777, McClain's
Code. It is claimed that this was so ruled in *Mahaffy v.
Mahaffy*, 63 Iowa, 55. Conceding this to be so, then it is
contended that anything which appears of record may be cer-
tified by the clerk, and, therefore, no bill of exceptions was
required. *Cross v. B. & S. W. R'y Co.*, 58 Iowa, 62.

For the purposes of this case, the claimed propositions will
be conceded, and yet the motion must be sustained, because
the abstract only purports to set out what, in the opinion of
counsel, the evidence tended to establish. It is not competent
for the clerk to do this, and, clearly, counsel cannot, and thus
bind the court and the other party by a record made by them-
selves.

II. As the evidence set out in the abstract has been stricken
out, we ordinarily would have difficulty in determining that
the court erred in the instructions given the jury.
3. RAIL-
ROADS: fail-    The ground of recovery is thus stated in the peti-
ure to main-
tain cattle-    tion: That the plaintiff's "horses got upon the
guards:
injury to       railway of defendant in said Marshall county, at
stock: double
damages.        and through a point on the line of said railway
where defendant had the right to erect and maintain a suita-
ble fence and cattle-guard, but had failed to do so, and suffered
the cattle-guard, which it had a right to maintain, to become
filled up with snow and ice, and to so remain for a long time,
to the knowledge of defendant."

It will be observed that two grounds of recovery are stated,—
*First*, that the defendant failed to fence its track, although
the right to do so existed; and, *Second*, that it permitted the
cattle-guard to become filled with snow or ice, and the horses
got on the track and were killed, either because the track was
not fenced, or because of the condition of the cattle-guard.

The court instructed the jury as follows: "If you find for
the plaintiff, and that the injury was occasioned by the

neglect of the defendant to have the cattle-guard in order, and without the willful act of the plaintiff contributing to the injury, you will allow him, as the amount of his recovery, twice the value of the horses killed or injured, as shown by the evidence."

We are required to presume that there was evidence upon which this instruction could be based. *McMillan v. B. & M. R'y Co.*, 46 Iowa, 231. Besides this, the plaintiff has filed an amended abstract, in which is set out the fact that there was evidence tending to prove that the horses got on the track over the cattle-guard, which was filled with snow and ice.

We, therefore, have before us sufficient to make it our duty to determine whether the foregoing instruction is correct. It is claimed to.be erroneous, because thereunder the plaintiff is allowed to recover double damages. This depends on the proper construction of sections 1288 and 1289 of the Code. The former provides that railway companies shall construct proper cattle-guards where the railway enters or leaves any improved or fenced land, and where the same crosses any public highway; and, for a failure to do so, the corporation is made liable for all damages sustained by reason of such failure. The latter section provides that double damages may be recovered when the corporation fails to fence, when it has the right to do so, and a loss or damage is caused by such failure.

Counsel for the appellee contend that a cattle-guard is as much a part of a fence as is a gate, and that the road cannot be effectually fenced unless cattle-guards are constructed; and it must be conceded that there is much force in the argument. Ordinarily, where an injury is caused by the neglect of an enjoined duty, compensation only is the rule. Section 1289 of the Code, however, attaches to such a failure a penalty in addition to compensation. In *Miller v. C. & N. W. R'y Co.*, 59 Iowa, 707, it is said that section 1289 of the Code, "is in its nature penal," and that "a statute should not be so construed as to create or authorize the recovery of a penalty,

unless the intention to do so is clear." It was, therefore, held in that case, that the portion of the section under consideration, which provides for a recovery of damages for an injury caused by a train when running at a speed greater than eight miles per hour on depot grounds," was capable of two constructions—one that double damages were recoverable, and the other that single damages only could be recovered; and it was held that, because of the penal character of the statute, the proper construction was, that compensation for the injury only could be recovered, although it is provided, in section 1289, that, if the speed of the train is greater than eight miles per hour, it is deemed to be negligence, and should render the corporation liable " under this section."

The argument that a cattle-guard is a part of the fence, in so far as double damages are recoverable for an injury caused by its defective condition, ceases to have any force, when it is considered that the duty to construct cattle-guards is enjoined by section 1288 of the Code, and it is then provided that single damages or compensation only can be recovered because the corporation has failed to fullfil its duty in this respect. If cattle-guards, in a statutory sense, should be regarded as a part of the fence, then section 1288 is practically useless, and such a construction would render it inoperative. We are, therefore, required to invoke the well-known rule that, where there are two statutes relating to the same subject matter, such a construction should be adopted, if it can be done without doing violence to the language employed, as will permit both to stand, and have force and effect. Besides this, we think we should adopt and follow the rule stated in the *Miller* case, above cited.

III. The instruction under consideration states the rule to be, that it matters not how negligent the plaintiff may have been, if it was not willful, still, he would be entitled to recover. Counsel for the appellant claim that in this respect, also, the instruction is erroneous, and that the rule, under section 1288

4. ——:
injury to
stock: herd
law: contrib-
utory negli-
gence: evi-
dence.

of the Code, is that contributory negligence of the plaintiff will prevent a recovery. We do not feel called on to determine this question, because we are unable to conclude, from the record before us, that the plaintiff was guilty of such negligence. As bearing on this question, however, see *Payne v. C., R. I. & P. R'y Co.*, 44 Iowa, 236, and *Vanhorn v. B., C. R. & N. R'y Co.*, 63 Id., 67. In the last case, it was held, where a party knowingly allowed his horses to run at large in violation of a city ordinance, and they strayed on a railroad track and were killed, that there could not be a recovery.

In the case at bar, the jury found specifically that the horses were running at large in violation of the herd law in force in the county. Upon looking into the evidence as set out in the amended abstract, we ascertain that this finding is based on the following facts: The plaintiff's farm, or at least a portion of it, is enclosed with a hedge fence, and he turned his horses in that part of the farm so fenced, and they broke through the fence and strayed on the railroad track. Whether the fence was reasonably sufficient does not appear, but it does appear that the plaintiff had no knowledge that his horses had escaped from the enclosure in which he had placed them, until after they were killed. We are unable to say that, under these circumstances, the plaintiff was guilty of contributory negligence.

REVERSED.