BAKER WIRE COMPANY, Appellant, v. CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

**Limitation of actions:** STATUTE PENALTY: *Carriers.* An action to recover damages for excessive freight charges under laws Twenty-second General Assembly, chapter 28, which permits such a recovery provided a demand in writing has been made upon the defendant for the money damages sustained for such excessive charges before suit is brought, is for a statutory penalty within Code, 1873, section 2529, subdivision 1, limiting actions for the recovery of statutory penalties to two years.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

MONDAY, OCTOBER 10. 1898.

ACTION to recover treble damages for overcharges exacted on freight shipments over defendant railway. There was a demurrer to the petition, which was sustained. Plaintiff electing to stand on its petition, judgment was rendered in favor of defendant for costs. Plaintiff appeals.—*Affirmed.*

*Dudley & Coffin* for appellant.

*Hubbard & Dawley* for appellee.

WATERMAN, J.—This action was begun on December 24, 1891. On the ninth day of November, 1895, an amended and substituted petition was filed. It contains one hundred and fifty-nine separate counts, each count setting forth a particular shipment of freight, the amount of the overcharge, and a claim for treble the amount of such overcharge as damage. The total damages are laid at one thousand four hundred and nine dollars and twenty-two cents. There is

also a claim in the petition for ten dollars attorney's fee on each count. The shipments mentioned began on July 11, 1888, and the last one was made on February 1, 1889. The demurrer is based on the ground that plaintiff's cause of action is barred, because it is for a statute penalty that accrued more than two years before suit begun. If this is an action to recover a statute penalty, it is conceded that the ruling below was correct. Subdivision 1 of section 2529 of the Code of 1873 fixes the period of two years after the cause of action accrues within which such action must be brought. The question we have to determine, then, is, what is the character of this action? Is it to recover a penalty, or merely to secure compensation for injuries suffered? The action is brought under chapter 28, Laws Twenty-second General Assembly. It is provided in this act that the board of railway commissioners shall fix reasonable and maximum rates for the transportation of freight. This, the petition alleges, was done; and the ground of complaint is that defendant exacted a greater amount than was so fixed on each of the shipments of which complaint is made. Section 9 of this act is as follows: "That in case any common carrier subject to the provision of this act shall do, cause to be done, or permit to be done, any act, matter or thing in this act prohibited, or declared to be unlawful, or shall omit to do any act, matter or thing, in this act required to be done, such common carrier shall be liable to the person or persons injured thereby, for three times the amount of damages sustained in consequence of any such violation of the provisions of this act, together with costs of suit and a reasonable counsel or attorney's fee to be fixed by the court in which the same is heard, on appeal or otherwise, which shall be taxed and collected as part of the costs in the case: provided that in all cases demand in writing on said common carrier shall be made, for the money damages sustained, before suit is brought for recovery under this section, and that no suit shall be brought until the expiration of fifteen days after such demand."

II.   A question similar to that raised here has been twice before presented to and passed upon by this court. *Koons v. Railroad Co.,* 23 Iowa, 493; *Herriman v. Railway Co.,* 57 Iowa, 187.   The first of these cases arose under section 6, chapter 169, Laws Ninth General Assembly, which was as follows:   "Any railroad company hereafter running or operating its road in this state, and failing to fence such road on either or both sides thereof against live stock running at large at all points where said roads have the right to fence, shall be absolutely liable to the owner of any live stock injured, killed or destroyed, by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent, and in the cases contemplated by this section, in order to recover, it shall only be necessary for the owner of the property to prove the injury or destruction complained of: provided, that in case the railroad company liable under the provisions of this section, shall neglect or refuse to pay the value of any property so injured or destroyed, after thirty days' notice in writing given, accompanied by an affidavit of the injury or destruction of said property to any officer of the company or any station or ticket agent employed in the management of its business in the county where such injury complained of shall have been committed, such company shall in any action brought to recover therefor, be held liable to pay double the value of the property injured, killed or destroyed as afore-. said."   It was held that this statute did not impose a penalty, but simply fixed the measure of plaintiff's compensation in the event of his being compelled to bring suit.   The *Herriman Case* involved the construction of a statute similar in purpose to the one that affords foundation for this action.   Laws Fifteenth General Assembly chapter 68.   This statute, among other things, fixed maximum rates for freight charges by railway companies.   Section 11 thereof is in these words:   "Any officer, agent, or employee of any railroad company, person,

VOL. 106 Ia—16

or corporation, operating a line of railroad within this state, who shall violate or be a party to the violation of any of the provisions of this act, or instrumental therein, shall be guilty of a misdemeanor, and shall, on conviction thereof, be punished for every such offense by fine not less than twenty dollars, nor more than one hundred dollars, or by imprisonment not less than five nor more than thirty days; or any such person, corporation, or railroad company as aforesaid, who shall authorize, direct, cause, permit, or allow any violation of the provisions of this act by any officer, agent, or employee, such railroad company, person or corporation shall forfeit and pay to the person injured five times the amount, compensation, or charge illegally taken or demanded, or five times the amount of damage caused, as the case may be, to be recovered with a reasonable attorney's fee by such person in a civil action in any court or before a justice of the peace, as the case may be, of this state; and if an appeal be taken from the judgment or any part thereof, it shall be the duty of the appellate court to include in the judgment an additional reasonable attorney's fee for services in the appellate court or courts; and for every such violation such railroad company, person, or corporation shall forfeit and pay to the state of Iowa, for the use of the school fund, the sum of five hundred dollars, to be recovered in any civil action in the name of the state; and it is hereby made the duty of the attorney-general of the state and of the several district-attorneys within their respective districts to sue for and recover all sums forfeited as aforesaid." The holding in the *Herriman Case* was that the amount allowed as recovery was in the nature of a penalty, and the *Koons Case* was distinguished. The fact that the act of the Fifteenth General Assembly provided in terms for a "forfeit" by the defendant of the amount fixed was allowed some significance in making the distinction and no little stress was laid upon the further fact that in the first statute a demand was required before suit brought and the railway company was thus given an opportunity to satisfy the

claim; while the statute involved in the *Herriman Case* provided for the payment absolutely of five times the amount of the actual damage. It is said, in substance, by the court in this latter case, that the use of the word "forfeit" is not in itself controlling, and that the amount fixed as damages should not be conclusive, but that each of these matters should have some weight. The statute presented here resembles the act of the ninth general assembly in that it requires a demand upon the railway company before an action can be brought for the statutory damage, and it is dissimilar to the act of the fifteenth general assembly in respect to the fact that the amount allowed is not in terms styled a "forfeit." Both in the law of 1888 (Twenty-second General Assembly) and in the statute under consideration the act of exacting the overcharge is made a misdemeanor. See section 2 of latter statute. This feature was wholly lacking in the statute construed in the *Koons Case.* We have noted some verbal differences in the statutes construed in the two cases mentioned. Counsel for appellant think they are unlike in principle, but to this we cannot assent. We can perceive no substantial difference in character between them. Certainly the use of the word "forfeit" in one does not distinguish it in principle from the other. And we are not inclined to allow any force of the fact that a demand was required in the first statute, before an action could be maintained for the statutory damage. If it can be said that anything more than compensation is allowed, it is a penalty, whether given because of the refusal to comply with the demand or for the original exaction. There is no little conflict of authority on the question as to whether statutes like that involved here are remedial in character or of a penal nature. We find decisions which give support to the holding in the *Koons Case. Aylsworth v. Curtis,* 19 R. I. 517 (34 Atl. Rep. 1109) ; *Reed v. Northfield,* 13 Pick. 94; *Woodward v. Alston,* 12 Heisk. 581; *Frohock v. Pattee,* 38 Me. 103; *Huntington v. Attrill,* 146 U. S. 657 (13 Sup. Ct. Rep. 224). These cases hold, in substance, that a statute which

gives cumulative damages with the right of recovery in the injured party is remedial only. It is manifest that this principle is not in accord with the holding in the *Herriman Case.* On the other hand, we find that this court has indirectly questioned the authority of the *Koons Case* by characterizing the statute there construed as penal. *Miller v. Railroad Co.,* 59 Iowa, 707; *Moriarity v. Railway Co.,* 64 Iowa, 696. These cases are in line with the *Herriman Case,* and lend it support. So, too, does the case of *Taylor v. Telegraph Co.,* 95 Iowa, 740, in which we held a statute penal which gave a plaintiff fifty dollars in addition to his actual damages, for failure to transmit a telegram. The following cases from other courts will also be found to uphold the rule of the *Herriman Case.* ˙ *Barnett v. Railroad Co.,* 68 Mo. 56; *Missouri Pac. Ry. Co. v. Humes,* 115 U. S. 512 (6 Sup. Ct. Rep. 110); *Atchison T. & S. F. Ry. Co. v. Tanner,* 19 Colo. Sup. 559 (36 Pac. Rep. 541); *Ashland Sav. Bank v. Bailey,* 66 N. H. 334 (21 Atl. Rep. 221); *Goodridge v. Railway Co.,* 35 Fed. Rep. 35. In the two first of these cases the question was discussed generally, and the statute involved was, as in the *Koons Case,* one giving double damages for live stock killed by a railway company through a failure to fence its tracks. The issue in the other three cases arose, as here, under a plea of the statute of limitations. In the *Goodrich Case* the statute passed upon was similar to that in the case at bar. It allowed treble damages for the exaction of unlawful freight charges by railway companies. The theory of the cases is that a party civilly injured is entitled to full and adequate compensation for all loss sustained, but to nothing more; and that anything allowed in excess of this is in the nature of punitive damages, which are always given by way of punishment of the wrongdoer. Whatever we might think if the question were an open one, we feel bound to accept the opinion in the *Herriman Case,* re-inforced as it is by subsequent decisions of this court, to which we have called attention, as announcing the rule in this state. With the authori-

ties elsewhere in conflict there seems to be no controlling reason for our departing from the holding of that case.— AFFIRMED.