PEDRO VERDEJO ET AL., Plaintiffs and Appellants-Appellees, *v.* BERNARDO LECUMBERRI, substituted by his heirs, Defendants and Appellees-Appellants.

No. 7924.  Argued February 1, 1940.—Decided October 24, 1940.

*Carlos D. Vázquez* and *Virgilio Brunet* for appellants-appellees. *Damián Monserrat, Jr.,* for appellees-appellants.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Both parties appeal from a judgment for damages in the sum of $500.  They will be referred to as plaintiffs and defendants.

Plaintiffs submit that the district court erred:

In not allowing exemplary damages.
In estimating the damages at $500.
In not awarding attorney's fees.
In reducing from $50 and $15 respectively to $2 in each instance two items contained in the memorandum of costs, covering the witnesses' fees of two experts.

The district judge, in support of his refusal to allow exemplary damages, cited 17 C. J. 989, paragraph 289, to the effect that:

"As exemplary damages are given as a punishment to the wrongdoer and not as compensation, there can be no survival after the death of the guilty party."

The present action was brought against Bernardo Lecumberri who died after filing his answer, but before the trial. Plaintiffs are content to quote from note 47 to the text cited by the district judge, the following:

"(1) The liability of a widow and the heirs of deceased on account of a trespass committed by him does not extend to any vindictive damages unless the suit was instituted before the death of the deceased. *Edwards* v. *Ricks*, 30 La. Ann. 926.

"(2) Although under Code, Par. 2525, a cause of action for a tort survives the death of the wrongdoer, yet, since the civil law never inflicts vicarious punishment, nothing more than compensatory damages can be awarded against the personal representatives of the wrongdoer. *Sheik* v. *Hobson*, 64 Iowa, 146, 19 N. W. 875.

"(3) Exemplary damages are not recoverable against the heirs of a decedent for his breach of promise of marriage. *Johnson* v. *Levy*, 122 La. 118, 47 S. 422, 16 Ann. Cas. 978."

The judgment of the district court is presumed to be correct.

Without independent investigation of the question at this time, we are not disposed to disturb the result.

The proof of damages was meager and we find no error in the assessment thereof.

We find no abuse of discretion in the failure of the district judge to include attorney's fees in the award of costs.

■ Section 327 of the Code of Civil Procedure as amended in 1937 (Act 94 of 1937, Session Laws, p. 229) includes "two dollars for each witness and for each day of attendance at court, plus mileage in going from and returning to his residence." No exception is made in the case of experts. Whether or not such an exception should be made is a question for the Legislature.

■ Defendants say that the district court erred:

In not sustaining a demurrer, for want of facts sufficient to constitute a cause of action, presented at the close of the trial.

In rendering judgment for damages.

In rendering judgment for damages in the sum of $500 and costs.

The demurrer was a demurrer to the evidence, a motion for nonsuit. The district judge took the matter under advisement and, after defendants had introduced their evidence, rendered judgment for plaintiffs. The gist of the argument is that there was no proof of damages. We have already said that the proof was meager. This, the district judge conceded. We have read the transcript of the evidence. There was enough, we think, to sustain the judgment.

The second and third assignments as presented in the brief for defendants are corollaries of the first.

The judgment appealed from must be affirmed.