R. L. STEVENSON, Administrator, Appellant, v. MRS. D. B. STOUFER, also known as FLORENCE K. STOUFER, doing business as OGDEN HOTEL, Appellee.

No. 46736.

514

January 8, 1946.

Rehearing Denied April 5, 1946.

Lafe H. Bond, of Council Bluffs, for appellant.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, for appellee.

Miller, J.—Plaintiff's petition alleges that, pursuant to the Emergency Price Control Act of 1942, 50 U. S. C. App., section 901 et seq., the administrator of the O. P. A. issued on December 1, 1942, Maximum Rent Regulation No. 58a for the Omaha Defense-Rental Area; on June 1, 1943, said regulation was amended to include Pottawattamie county; it fixed the maximum rent for hotels and rooming houses as the highest rent during the thirty-day period ending March 1, 1942; defendant operates the Ogden Hotel in Council Bluffs, Iowa; during the thirty-day period ending March 1, 1942, Room 323 in said hotel was rented for $2.75 per week; during the period from December 1, 1942, to August 2, 1943, a period of thirty-five weeks, defendant demanded of and received from plaintiff's decedent $3.50 per week for the occupancy of said Room 323; decedent died October 18, 1943; plaintiff was appointed administrator of his estate on January 22, 1944, and qualified as such. The prayer of the petition demanded $1,750 ($50 for each overcharge of seventy-five cents), attorney's fees, and costs.

The defendant filed a motion to dismiss the action, asserting, among other things, that the plaintiff seeks to recover $1,750 for alleged overcharges totaling but $26.25; the action is for a penalty; the act does not provide for the survival of the action; it did not survive and plaintiff is without right to maintain it. The court sustained the motion and dismissed the action. Plaintiff appeals to this court.

I. Appellant cites and relies upon sections 10957 and 10959, Code, 1939, relating to survival of actions. These statutes do not apply to a cause of action created by federal statute. 1 C. J. S. 183, section 135, states the rule thus:

"The statutes of the United States not having prescribed what causes of action shall survive, it has been held that, where a cause of action is given by a federal statute, and no specific provision is made by act of congress for its survival, it survives or not according to the principles of the common law, and not according to the statutes of a state; but if there are any federal statutes relating to the subject, they are controlling."

In Schreiber v. Sharpless, 110 U. S. 76, 80, 3 S. Ct. 423, 424, 28 L. Ed. 65, 66, the court states:

"The personal representatives of a deceased party to a suit cannot prosecute or defend the suit after his death, unless the cause of action, on account of which the suit was brought, is one that survives by law. Rev. Stat. §955. At common law actions on penal statutes do not survive (Com. Dig. tit. Administration, B. 15), and there is no act of Congress which establishes any other rule in respect to actions on the penal statutes of the United States. The right to proceed against the representatives of a deceased person depends not on forms and modes of proceeding in a suit, but on the nature of the cause of action for which the suit is brought. If the cause of action survives, the practice, pleadings, and forms and modes of proceeding in the courts of the State may be resorted to in the courts of the United States for the purpose of keeping the suit alive and bringing in the proper parties. Rev. Stat. §914. But if the cause of action dies with the person, the suit abates and cannot be revived. Whether an action survives depends on the substance

of the cause of action, not on the forms of proceeding to enforce it. As the nature of penalties and forfeitures imposed by acts of Congress cannot be changed by State laws, it follows that State statutes allowing suits on State penal statutes to be prosecuted after the death of the offender, can have no effect on suits in the courts of the United States for the recovery of penalties imposed by an act of Congress."

See, also, Bowles v. Farmers Nat. Bk., 6 Cir., Ky., 147 F. 2d 425.

■ II. Appellant contends that the act provides for survival of this action. The federal courts have expressly held otherwise. Bowles v. Farmers Nat. Bk., supra.

■ III. By reason of the foregoing, the question whether this cause of action survives must be determined by the principles of the common law. The common-law rule is stated in 1 Am. Jur. 89, section 128, thus:

"A cause of action for the recovery of a penalty does not survive the death of the wrongdoer, being in its nature personal."

And, in 23 Am. Jur. 622, 623, section 27, it is stated:

"The term 'penalty' is commonly used as constituting an extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, such liability not being limited to the damages suffered."

The decisions of this court support both of these statements.

In Miller v. Chicago & N. W. Ry. Co., 59 Iowa 707, 711, 13 N. W. 859, and Moriarty v. Central Iowa Ry. Co., 64 Iowa 696, 700, 21 N. W. 143, we held that a statute imposing double damages was penal in nature. In Herriman v. Burlington, C. R. & N. R. Co., 57 Iowa 187, 192, 9 N. W. 378, 10 N. W. 340, we held that a statute imposing quintuple damages provided for a penalty. In Bond v. Wabash, St. L. & P. Ry. Co., 67 Iowa 712, 716, 25 N. W. 892, Baker Wire Co. v. Chicago & N. W. Ry. Co., 106 Iowa 239, 243, 76 N. W. 665, and Clark v. American Exp. Co., 130 Iowa 254, 258, 106 N. W. 642, we held that a

statute imposing treble damages provided for a penalty. In the recent case of Stark v. Ginsberg, 236 Iowa 735, 18 N. W. 2d 627, we held that, where recovery was sought under the same statute now before us for $50, whereas the actual damages were but $3.28, the demand included exemplary damages in addition to actual damages. Certainly, under such decisions, this action, which seeks a recovery that is sixty-six times the actual damages, seeks to enforce a penalty.

In construing the very question now before us—whether a demand for a penalty or exemplary damages survives—we squarely held, in Sheik v. Hobson, 64 Iowa 146, 19 N. W. 875, that the right to such damages did not survive the death of the wrongdoer either at common law or under our survivorship statute. And, in the case of Union Mill Co. v. Prenzler, 100 Iowa 540, 546, 69 N. W. 876, we held that the same rule prevailed at common law where the person wronged was deceased unless the action was commenced during his lifetime. Here the action was brought after the death of the tenant who was overcharged. Hence, under the common law as expressly recognized by this court, the right to exemplary damages or a penalty did not survive.

IV. There are cases which hold that, since this action was created by federal statute, the decisions of the federal courts are controlling as to the common-law principles that should be applied thereto. Practically all of such cases were decided during the period that the rule of Swift v. Tyson, 16 Pet. (U.S.) 1, 10 L. Ed. 865, was applied by the federal courts. It is difficult to apply such decisions in view of the fact that Swift v. Tyson was overruled by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188. However, as we interpret the decisions of the federal courts, we are convinced that the trial court was right herein.

In the case of Schreiber v. Sharpless, supra, 110 U.S. 76, 79, 3 S. Ct. 423, 28 L. Ed. 65, 66, heretofore quoted, the supreme court squarely held that an action for a penalty would not survive. And, under repeated decisions of the federal courts, the trial court was clearly right in holding that this action, to recover $1,750 for overcharges totaling $26.75, is to recover a penalty.

In the case of Helwig v. United States, 188 U.S. 605, 613, 23 S. Ct. 427, 430, 47 L. Ed. 614, 617, the court defines a statutory penalty thus:

"Although the sum imposed by reason of undervaluation may be simply described as 'a further sum' or 'an additional duty,' if it is yet so enormously in excess of the greatest amount of regular duty ever imposed upon an article of the same nature, and it is imposed by reason of the action of the importer, such facts clearly show it is a penalty in its intrinsic nature, and the failure of the statute to designate it as a penalty, but describing it as 'a further sum,' or 'an additional duty,' will not work a statutory alteration of the nature of the imposition, and it will be regarded as a penalty when by its very nature it is a penalty. It is impossible, judging simply from its language, to hold this provision to be other than penal in its nature."

In the case of Thierry v. Gilbert, 1 Cir., Mass., 147 F. 2d 603, 604, where there was no question of survival involved, the action was directly analogous to that now before us but for that one feature, and the First Circuit Court of Appeals described it thus:

"This is an action by a tenant to recover from his landlord *the statutory penalty* provided in §205(e) of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A. Appendix §925(e), on account of nine monthly overcharges of rent." (Italics supplied.)

In the case of Lambur v. Yates, 8 Cir., Mo., 148 F. 2d 137, 139, the Eighth Circuit Court of Appeals, in a similar action by a tenant against his landlord, described the remedy invoked as in the nature of a "qui tam" law. Webster's New International Dictionary, Second Ed., defines "qui tam" thus:

"An action to recover a penalty under a statute which gives part of the penalty to the one bringing the action and the rest to the state or a public body. The plaintiff describes himself as suing as well for the state as for himself."

In the case of Bowles v. Farmers Nat. Bk., supra, 6 Cir., Ky., 147 F. 2d 425, 428, the Sixth Circuit Court of Appeals

holds that the statute now before us imposes a penalty and that an action therefore does not survive, the court stating:

"We think that the original enactment of this section clearly provided for a penalty. The basic test whether a law is penal in the strict and primary sense is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual. Huntington v. Attrill, 146 U.S. 657, 668, 13 S. Ct. 224, 36 L. Ed. 1123. * * *

"The *amount of such payments,* if made to the injured person, supplies a direct and powerful incentive for the enforcement of the Act by the individual. Cf. Gilbert v. Thierry, 1944, D.C. Mass., 58 F. Supp. 235. As well stated in that case, the treble damages provision is intended to be sufficiently attractive to stimulate an aggrieved person to recover his losses and to enforce the law; and it is also intended to be sufficiently burdensome to deter potential violators and to punish actual violators.

"Moreover, if a sum of money is to be recovered by a third person for violation of a statute instead of the person injured, Huntington v. Attrill, supra, 146 U.S. 657, 668, 13 S. Ct. 224, 36 L. Ed. 1123; State of Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 299, 8 S. Ct. 1370, 32 L. Ed. 239, *or if the sum exacted is greatly disproportionate to the actual loss,* Helwig v. United States, 188 U. S. 605, 611, 23 S. Ct. 427, 47 L. Ed. 614, it constitutes a *penalty* rather than damages. The fact that the sum is to be recovered in a *civil* action does not determine the nature of the *exaction.* Hepner v. United States, 213 U. S. 103, 29 S. Ct. 474, 53 L. Ed. 720, 27 L.R.A., N.S., 739, 16 Ann. Cas. 960; United States v. Zucker, 161 U. S. 475, 16 S. Ct. 641, 40 L. Ed. 777; Lees v. United States, 150 U. S. 476, 14 S. Ct. 163, 37 L. Ed. 1150; Jacob v. United States, Fed. Cas. No. 7,157. * * *

"In case of recovery under §205(e), the sum to be paid *is so greatly in excess of the loss incurred* that it cannot be explained except upon the theory that the statute intends to subject the wrongdoer to an extraordinary liability not limited to the damage suffered. Huntington v. Attrill, supra, 164 U. S. 657 at page 667, 13 S. Ct. 224, 36 L. Ed. 1123. * * *

"Holding, as we do, that the action for recovery of a

*penalty* does not survive, we conclude that the District Court correctly ruled that no cause of action was stated against this appellee, and correctly dismissed the complaint as to it." (Italics supplied.)

The holding of the First Circuit Court, in Thierry v. Gilbert, supra, and that of the Eighth Circuit Court, in Lambur v. Yates, supra, directly support the position taken by the Sixth Circuit Court in Bowles v. Farmers Nat. Bk., supra. In addition thereto, that case is supported by the following decisions of various federal district courts: Bowles v. Trowbridge, D.C., Cal., 60 F. Supp. 48; Bowles v. Nasif, D.C., La., 58 F. Supp. 644; Brown v. Glick Bros. Lbr. Co., D.C., Cal., 52 F. Supp. 913, 917; Bowles v. Beatrice Creamery, D.C., Wyo., 56 F. Supp. 805, 806.

The decision of the trial court was right. The cause is—Affirmed.

MANTZ, HALE, SMITH, and WENNERSTRUM, JJ., concur.

OLIVER, J., and BLISS, C. J., and MULRONEY and GARFIELD, JJ., dissent.

OLIVER, J. (dissenting)—I respectfully dissent.

The Emergency Price Control Act of 1942, 50 U.S.C. App., section 901 et seq., forbids overcharges of rent in certain areas and, at the time here in question, permitted the person overcharged to bring a statutory action either for $50 (for each overcharge) or for treble the amount of the overcharge, whichever was the greater. In other words, the statute provides for accumulative damages, to the individual plaintiff, based upon the damage to his property rights.

Although not here directly involved, it should be noted that the Emergency Price Control Act makes violators liable also to criminal penalties. The act also provides for civil actions for damages by the price administrator for the government in certain cases in which the individual who has suffered the property damage from the overcharge may not or does not bring suit. The government retains all the proceeds of actions so brought by the price administrator.

Does the statutory right of action given to a person who

has paid such overcharge survive his death? If the action provided for such person is remedial, it survives; if penal, it does not survive. The statute in question is an Act of Congress. The principles involved have been considered and determined by various federal courts and by the Supreme Court of the United States in analogous actions by individuals to recover multiple (statutory) amounts for damage to the property rights of such plaintiffs from violations of other federal statutes.

There are many such decisions under the treble-damage provisions of federal antitrust acts. Barnes Coal Corp. v. Retail Coal Merchants Assn., 4 Cir., Va., 128 F. 2d 645, 648, a decision written by Judge Parker, states:

"* * * it is well settled that, with respect to a cause of action created by act of Congress, the question of survival is not one of procedure but one which depends 'on the substance of the cause of action'. Schreiber v. Sharpless, 110 U. S. 76, 80, 3 S. Ct. 423, 424, 28 L. Ed. 65; Martin's Adm'r v. Baltimore & O. R. Co., 151 U. S. 673, 692, 14 S. Ct. 533, 38 L. Ed. 311. And. unless the cause of action as so created by act of Congress survives, it does not survive by reason of provisions of state law. Michigan Central R. Co. v. Vreeland, 227 U. S. 59, 67, 33 S. Ct. 192, 57 L. Ed. 417; Walsh v. New York, N. H. & Hartford R. Co., C. C., 173 F. 494; Van Choate v. General Electric Co., D. C., 245 F. 120; 1 C. J. S., Abatement and Revival, §135, p. 183; 25 C. J. 822. It follows that whether the action for damages created by the Sherman Act survives is to be determined by an interpretation of the statute in the light of the common law and is not governed by state survival statutes or state decisions relating to the subject. Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F. 2d 885, 890; Sullivan v. Associated Billposters, etc., 2 Cir., 6 F. 2d 1000, 42 A. L. R. 503; United Copper Securities Co. v. Amalgamated Copper Co., 2 Cir., 232 F. 574; Haskell v. Perkins, D. C., 28 F. 2d 222; Caillouet v. American Sugar Refining Co., D. C., 250 F. 639; Bonvillain v. American Sugar Refining Co., D. C., 250 F. 641; Imperial Film Exchange v. General Film Co., D. C., 244 F. 985; 1 Am. Jur. sec. 129; note 42 A. L. R. 521. *The decision of the Supreme Court in Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S. Ct. 817, 82 L. Ed. 1188, 114*

*A. L. R. 1487, has no bearing on the matter; for the question is not one as to a state common law rule but as to the interpretation of a federal statute and the consequences which flow from it. Awotin v. Atlas Exchange Nat. Bank, 295 U. S. 209, 55 S. Ct. 674, 79 L. Ed. 1393; Deitrick v. Greaney, 309 U. S. 190, 200, 60 S. Ct. 480, 84 L. Ed. 694; D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 62 S. Ct. 676, 679, 86 L. Ed. [956]."* (Italics supplied.)

The majority opinion points out that the statutes of Iowa which provide for the survival of actions are not here applicable because this is a cause of action created by federal statute. With this I agree. However, at the same time, the majority opinion cites various Iowa decisions interpreting other Iowa statutes and asserts such decisions are here applicable. With this conclusion I cannot agree. The majority uses the following language to sustain such conclusion:

"There are cases which hold that, since this action was created by federal statute, the decisions of the federal courts are controlling as to the common-law principles that should be applied thereto. Practically all of such cases were decided during the period that the rule of Swift v. Tyson, 16 Pet. (U. S.) 1, 10 L. Ed. 865, was applied by the federal courts. It is difficult to apply such decisions in view of the fact that Swift v. Tyson was overruled by Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S. Ct. 817, 82 L. Ed. 1188."

The statement that "practically all of such cases were decided" before Swift v. Tyson was overruled by the Erie case appears to me to be incorrect. Deitrick v. Greaney, 309 U. S. 190, 200, 60 S. Ct. 480, 84 L. Ed. 694; D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U. S. 447, 62 S. Ct. 676, 679, 86 L. Ed. 956; Barnes Coal Corp. v. Retail Coal Merchants Assn., supra, and various other cases decided after the Erie case, reaffirm the rule of the earlier decisions that the federal and not the state common-law rule is controlling in the interpretation of federal statutes and their consequences.

Nor is there magic in the Erie case. It is not a remedy for all legal ailments. The majority cites no authority in support

of its conclusion that the Erie case, by some undisclosed means, changed the rule that the federal common-law doctrine is controlling. I think this conclusion is contrary to the decisions of the Supreme Court of the United States cited in the italicized part of the Barnes Coal Corporation case, supra, in support of the statement there made that *the Erie case has no bearing on the matter because the question is not one as to a state common-law rule but as to the interpretation of a federal statute and the consequences which flow from it.*

In Barnes Coal Corp. v. Retail Coal Merchants Assn., supra, 4 Cir., Va., 128 F. 2d 645, 648, which involved the survivability of a cause of action for treble damages by one damaged by violation of a federal antitrust act, the court said:

"* * * we entertain no doubt as to the survivability of the cause of action when the statute creating it is interpreted in the light of the common law rule relating to survival. * * *

"The modern rule as to survivability, we think, is that actions for torts in the nature of personal wrongs, such as slander, libel, malicious prosecution, etc., die with the person, whereas, if the tort is one affecting property rights, the action survives. 1 Am. Jur. pp. 71 and 72; 1 C. J. S., Abatement and Revival, §132, p. 179; Kinney v. Town of West Union, 79 W. Va., 463, 91 S. E. 260; Lee's Adm'r v. Hill, 87 Va. 497, 12 S. E. 1052, 24 Am. St. Rep. 666 and note; Winston v. Gordon, 115 Va. 899, 80 S. E. 756; Sullivan v. Associated Billposters and Distributors, 2 Cir., 6 F. 2d 1000, 42 A. L. R. 503. Underlying the distinction between actions that die with the person and those that survive is the basic thought that the reason for redressing purely personal wrongs ceases to exist either when the person injured cannot be benefited by a recovery or the person inflicting the injury cannot be punished, whereas, since the property or estate of the injured person passes to his personal representatives, a cause of action for injury done to these can achieve its purpose as well after the death of the owner as before. This rule that the cause of action for injury to property or estate survives is in accord with the rule in equity, where proceedings relate primarily to the protection of property rights. 1 Am. Jur. 68; Clarke v. Mathewson, 12 Pet. 164, 169, 171, 9 L. Ed. 1041. * * *

"The cause of action created by the Sherman Act is based, not on injuries affecting the person, but on injuries affecting property rights. It is given to 'any "person" who shall be injured in his business or property' by unlawful practices forbidden by the act; and this means that the business or property of plaintiff must have been, in some way, injured by the unlawful practices. Monarch Tobacco Works v. American Tobacco Co., C. C., 165 F. 774. This, of course, is an injury of a very different sort from an injury to the person; and the great weight of authority is to the effect that the cause of action survives. Hicks v. Bekins Moving & Storage Co., 9 Cir., 87 F. 2d 583; Moore v. Backus, 7 Cir., 78 F. 2d 571, 101 A. L. R. 379; Fazakerly v. E. Kahn's Sons Co., 5 Cir., 75 F. 2d 110, 114; Sullivan v. Associated Billposters and Distributors, 2 Cir., 6 F. 2d 1000, 42 A. L. R. 503; United Copper Securities Co. v. Amalgamated Copper Co., 2 Cir., 232 F. 574; Imperial Film Exchange v. General Film Co., D. C. 244 F. 985."

The ultimate question in this case is whether the federal statute gives the person damaged by the overpayments a cause of action for indemnity or the right to enforce a penalty. As already noted: if the action provided for such person is remedial, it survives; if penal, it does not survive. The words "penal" and "penalty" have many different shades of meaning. 23 Am. Jur. 622, section 27. In determining whether or not a federal statute is penal the definition adopted by the Supreme Court of the United States should be applied.

The leading and much-cited case of Huntington v. Attrill, 146 U. S. 657, 667, 13 S. Ct. 224, 227, 36 L. Ed. 1123, to which we will make frequent reference, states:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the State, and which, by the English and American constitutions, the executive of the State has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

That decision determined the demarcation between penal and remedial actions in the international sense. However, the rule therein set out has been applied in many decisions of federal courts involving other propositions, including the one here in question.

The above-cited decision of the United States Supreme Court follows a case of the same title in 8 Times L. Rep. 341, 343, A. C. 150, in which the same question was before the judicial committee of the Privy Council of England upon an appeal from Canada. That case states:

"A proceeding, in order to come within the scope of the rule, must be in the nature of a suit in favor of the State whose law had been infringed. * * * Penalties might be attached to them, but that circumstance would not bring them within the rule, except in cases where these penalties were recoverable at the instance of the State, or of an official duly authorized to prosecute on its behalf, or of a member of the public in the character of a common informer."

A statute may be penal in one part and remedial in another. To the extent a statute penal in part gives to an injured person a remedy for such injury it will be remedial. But insofar as it authorizes a recovery by a third person, not the loser, the statute is penal. Sullivan v. Associated Billposters and Distributors, 2 Cir., N. Y., 6 F. 2d 1000, 42 A. L. R. 503; 1 C. J. S. 1180, section 59.

Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U. S. 390, 397, 27 S. Ct. 65, 66, 51 L. Ed. 241, holds that an action for treble damages under an antitrust act is not a suit for a penalty:

"The construction of the phrase 'suit for a penalty,' and the reasons for that construction have been stated so fully by this court that it is not necessary to repeat them." (Citing Huntington v. Attrill, supra.)

Brady v. Daly, 175 U. S. 148, 155, 156, 20 S. Ct. 62, 44 L. Ed. 109, 112, 113, was an action for damages for infringement of a copyright under a federal statute authorizing the recovery of a flat sum. The decision cites Huntington v. Attrill, supra,

and holds the action remedial and not penal. It points out that where a statute gives accumulative damages to the party aggrieved it is not a penal action, while a qui tam action brought by any other person is penal as regards the suit by the common informer.

Various others of the decisions hereinbefore cited refer to and follow Huntington v. Attrill, supra. See, also, Cox v. Lykes Bros., 237 N. Y. 376, 143 N. E. 226; Daury v. Ferraro, 108 Conn. 386, 143 A. 630, 633, 634, 62 A. L. R. 1323; Wellman v. Mead, 93 Vt. 322, 107 A. 396.

There are a number of decisions under the Emergency Price Control Act here in question. In considering them it should be remembered that section 205(e) (U. S. C. App., 925(e)) provides for actions by consumers or tenants for themselves and also actions by the price administrator for the government. This is an action by a tenant.

Everly v. Zepp, D. C., Pa., 57 F. Supp. 303, 304, was an action under the Emergency Price Control Act by a tenant against the executors of his deceased landlord. In that case the court said:

"An examination of the law seems to leave no doubt that the recovery allowed by the act is in the nature of damages and is remedial as distinguished from penal. [Citing authorities.] It follows that the action might have been maintained against the decedent if he had lived, and that his executors may now be sued for the damages which would have been recoverable from him."

This holding was approved in Dorsey v. Martin, D. C., Pa., 58 F. Supp. 722.

In Desper v. Warner Holding Company, 219 Minn. 607, 613, 19 N. W. 2d 62, 66, the court said:

"With respect to the argument that the cause of action is penal * * * it is sufficient to note that the section in question provides for a private remedy to the person wronged by the violation of the act. [Quoting from Huntington v. Attrill, supra, and citing other authorities.] Nor does the fact that §205(e) authorizes the recovery of a flat sum transform the cause of

action from a remedial to a penal one. [Citing authorities.] Under the foregoing authorities, the conclusion cannot be escaped that §205(e) is clearly remedial. Thereunder the action is brought by the person injured, and the entire amount remains his property.''

Beasley v. Gottlieb, 131 N. J. Law 117, 35 A. 2d 49, holds that such a consumer suit is of a civil nature, remedial of a private wrong, and therefore not penal.

In Schaffer v. Leimberg, 318 Mass. 396, 399, 62 N. E. 2d 193, 194, the court held a consumer action under section 205(e) was not penal, stating:

''* * * a cause of action given to a person aggrieved to recover damages for the wrong done him is remedial and not penal within that rule even though the damages consist of a multiple of the actual loss or even are assessed without regard to the actual loss. This has been so held with respect to the remedy given by the act in question to a person overcharged.'' (Citing authorities.)

Holding that an action by a consumer under this section is not penal, Lambros v. Brown, 184 Md. 350, 360, 41 A. 2d 78, 82, states:

''Prior to the decision in Huntington v. Attrill, there was considerable difference of opinion in the courts of the country as to what was meant by penal statutes, in the sense that the term was used to denote those which one state would not enforce if passed by another. The difficulty seems to have arisen because of the varying use of the word 'penal' or of the word 'penalty.' A statute may be penal in the broad sense and it may carry a penalty, and yet it may not be penal in the sense that it is unenforceable in other jurisdictions. In Re-statement Conflict of Laws, Section 611, comment b 3, the broad interpretation is indicated, but the distinction made in Huntington v. Attrill would seem to be persuasive authority in the interpretation of a federal statute.''

Whatley v. Love, La. App., 13 So. 2d 719, 722, holds that section 205(e) is not penal, stating:

"Concerning the contention that the Act of Congress under consideration imposes a penalty, the argument is wholly without merit, since it has been held numerous times that this act and other similar acts such as the antimonopoly statute with its triple damage provision and the Fair Labor Standards Act, 29 U. S. C. A. §201 et seq., are not penal statutes." The decision cites Huntington v. Attrill, supra, and other cases.

Some other decisions, not directly in point, which contain language to the effect that the provision here involved is not penal, are Bowles v. American Stores, 78 U. S. App. D. C. 238, 139 F. 2d 377, 379 [certiorari denied 322 U. S. 730, 64 S. Ct. 947, 88 L. Ed. 1565] ; Bowles v. Chew, D. C., Cal., 53 F. Supp. 787, 790; Bowles v. Berard, D. C., Wis., 57 F. Supp. 94.

The majority opinion cites Helwig v. United States, 188 U. S. 605, 617, 23 S. Ct. 427, 431, 47 L. Ed. 614. In that case the statute gave a right of recovery to the government, not to a private person who has suffered damage to property rights. The court points to a ruling of the attorney general that the additional duty was a penalty, "and that being so, it was subject to remission like other fines, penalties and forfeitures by the Secretary of the Treasury." In other words, it was, in any event, a penalty within the definition of Huntington v. Attrill, supra, because "the executive of the state has the power to pardon."

Bowles v. Farmers Nat. Bk., 6 Cir., Ky., 147 F. 425, was an action brought by the price administrator and not by the person damaged. The point involved in this case was not necessary to that decision. However, that case does support the majority opinion.

The majority opinion states that Lambur v. Yates, 8 Cir., Mo., 148 F. 2d 137, 139, directly supports the Farmers National Bank case, supra. However, in Speten v. Bowles, 8 Cir., N. D., 146 F. 2d 602, 604, that court refers to the question whether an action by the price administrator is for a civil penalty or remedial damages, and states, in a note on that page:

"The provision in §205(e) of the Emergency Price Control Act of 1942 for an action by the Administrator is referred to in some of the Congressional Reports as 'a suit for damages on behalf of the United States.' See Sen. Rep. No. 922, 78th Cong.

2d Sess. (1944) p. 5; H. Rep. No. 1593, 78th Cong. 2d Sess. (1944) ; H. Rep. 1698 to accompany·S. 1764, 78th Cong. 2d Sess. (1944). See also Bowles v. Chew, D. C. N. D. Cal., 53 F. Supp. 787, 790; Bowles v. Berard, D. C. E. D. Wis., 57 F. Supp. 94, 95, 96. But compare Bowles v. Beatrice Creamery Co., D. C. Wyo., 56 F. Supp. 805, 806. So far as appellant's constitutional argument here is concerned, it is of no moment whether the Administrator's recovery be regarded as a civil penalty or as remedial damages."

The majority opinion states "in construing the very question now before us—whether a demand for a penalty or exemplary damages survives—we squarely held, in Sheik v. Hobson, 64 Iowa 146, 19 N. W. 875, that the right to such damages did not survive the death of the wrongdoer either at common law or under our survivorship statute." That was a slander case in which actual but not punitory damages were held properly allowable against the estate of decedent. Of course, as stated therein, at common law no actual damages would have been recoverable. See Barnes Coal Corp. v. Retail Coal Merchants Assn., supra.

In Union Mill Company v. Prenzler,. 100 Iowa 540, 548, 69 N. W. 876, 878, also cited in the majority opinion, the party claiming damages for wrongful attachment died during the pendency of the action. A recovery by his estate for actual damages and exemplary damages was allowed to stand. The court said:

"The case of Sheik v. Hobson, relied upon by appellant, was decided upon different principles. It was there said that the punitory power of the law ceased when the defendant dies, and that the civil law never inflicts vicarious punishment. Such a rule has no possible application to this case, unless the rule is to be applied both ways. We do not think, however, that it should be so applied, for reasons which are so apparent as to need no further elaboration."

The net effect of these holdings (if they have any bearing upon the interpretation of a federal statute, or even a state statute providing for multiple damages, which I doubt) would be that the rule is not "to be applied both ways" but only where the wrongdoer is deceased.

The majority opinion refers to Iowa cases holding that a statute imposing double damages and others imposing treble or quintuple damages are penal. It should be here noted that one of these cases, Baker Wire Co. v. Chicago & N. W. Ry. Co., 106 Iowa 239, 243, 76 N. W. 665, points to the conflict of authority and states that the Iowa decisions interpreting Iowa statutes are contrary to Huntington v. Attrill, supra.

According to the majority opinion this court would hold that federal statutes allowing double damages are penal. Courts of this state have taken jurisdiction of cases under the Federal Fair Labor Standards Act, 29 U. S. C., section 201 et seq. See Umthun v. Day & Zimmermann, Inc., 235 Iowa 293, 16 N. W. 2d 258. That act provides for double damages for failure to pay overtime compensation. Overnight Motor Transp. Co., Inc. v. Missel, 316 U. S. 572, 62 S. Ct. 1216, 1223, 86 L. Ed. 1682, holds such damages do not constitute a penalty. Many supporting decisions are cited in the footnote. I am satisfied that if a case involving double damages under the Fair Labor Standards Act is presented to this court the majority will be obliged to recede from the position it now takes that federal statutes allowing double damages or accumulative damages for the person who has suffered the loss are penal.

I think the majority opinion is contrary to the weight of authority.

BLISS, C. J., and MULRONEY and GARFIELD, JJ., join in this dissent.