# LEES v. UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF PENNSYLVANIA.

No. 98.　Argued November 22, 1893.—Decided December 4, 1893.

A district court of the United States has jurisdiction over an action to
recover a penalty imposed for a violation of the act of February 26, 1885,
23 Stat. 332, c. 164, "to prohibit the importation and migration of for-
eigners and aliens under contract or agreement to perform labor in the
United States, its Territories, and the District of Columbia."

The act of February 26, 1885, 23 Stat. 332, c. 164, prohibiting the importation
of aliens under contract to perform labor in the United States is consti-
tutional.

An action to recover a penalty under that act, though in form a civil action,
is unquestionably criminal in its nature, and the defendant cannot be
compelled to be a witness against himself.

It is well settled that, instead of preparing separate bills for each separate
matter, all the alleged errors of a trial may be joined in one bill of ex-
ceptions; and the exception in this case is specific and direct to the one
error of compelling the defendant to become a witness against himself,
and comes within this rule.

THIS was a civil action in form, to recover a penalty for
importing an alien under contract to perform labor, in viola-
tion of the act of February 26, 1885, 23 Stat. 332, c. 164. The
point upon which the case turns in the opinion is, that the
action being criminal in nature, though civil in form, the de-
fendant could not be compelled to be a witness against him-
self.

*Mr. Hector T. Fenton* for plaintiffs in error.

*Mr. Assistant Attorney General Conrad* for defendants in
error.

It is assigned as error, that the court erred on the trial in
overruling defendants' objection to the compulsory examina-
tion of John Lees. If error in this regard was committed by

the trial court, it could be brought to the attention of the reviewing court only by a bill of exceptions, setting forth plainly the matter complained of as error, and thereby introducing the same into the record. *Hanna* v. *Maas,* 122 U. S. 24.

In this case a bill of exceptions appears to have been begun, and later on in the record to have been concluded. The intermediate space is occupied with the testimony of the witnesses, among which appears the following: "John S. Lees, sworn. Mr. Fenton: John S. Lees, the witness called, is one of the defendants. This is a proceeding in the nature of a criminal proceeding. I object to his being examined on behalf of the plaintiff, because he is protected by statute. (Objection overruled. Exception for defendant.)"

It nowhere appears, by any certificate of the judge, by whom John S. Lees was called to testify, or on whose behalf: nothing by which the fact is certified to this court that any objection was made and overruled, or any exception taken for defendants, nor, indeed, does it appear when, or by whom the remarks above quoted were written, upon the record from which this transcript was made. These are all matters extraneous to the record and could only be introduced into it by a proper bill of exceptions. No such bill appears in this record.

And now as to the charge and opinion of the court which is the subject of this bill of exceptions: No error is specifically assigned, but the whole charge is dumped out *en masse,* and this court is called upon to scrutinize the whole opinion and charge, and pick out from it such error as it may discover.

And thus, neither "the points of law," the charge of the court, nor the opinions of the court, are before this court for review.

MR. JUSTICE BREWER delivered the opinion of the court.

On August 22, 1888, the United States commenced this action in the District Court of the United States for the Eastern District of Pennsylvania to recover of Joseph Lees and John S. Lees, the present plaintiffs in error, the sum of one

thousand dollars, as a forfeit and penalty for a violation by them of the act of Congress of February 26, 1885, entitled "An act to prohibit the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States, its Territories, and the District of Columbia." 23 Stat. 332, c. 164. Proceedings were thereafter had in that suit which resulted in a judgment, on February 23, 1889, in favor of the United States, for the sum of one thousand dollars. This judgment was affirmed by the Circuit Court of that district, and has since, by writ of error, been brought to this court for review.

The first alleged error is that the District Court had no jurisdiction over the action: The third section of the act provides that, for every violation, the offender " shall forfeit and pay for every such offence the sum of one thousand dollars, which may be sued for and recovered by the United States, or by any person who shall first bring his action therefor, including any such alien or foreigner, who may be a party to any such contract or agreement, as debts of like amount are now recovered in the Circuit Courts of the United States." It is insisted that the last clause of this sentence vests the sole jurisdiction over such actions in the Circuit Court. But for those words there would be no question of the jurisdiction of the District Court.

From the earliest history of the government the jurisdiction over actions to recover penalties and forfeitures has been placed in the District Court. The ninth section of the Judiciary Act of September 24, 1789, 1 Stat. 73, 76, c. 20, provided as follows: " The District Court shall have exclusive original cognizance . . . of all suits for penalties and forfeitures incurred under the laws of the United States." While in the Revised Statutes the word " exclusive" was omitted, the language was not otherwise substantially changed. It is true that in some cases jurisdiction over matters of penalty and forfeiture has been committed to the Circuit Court, but this was always done by special act, and does not otherwise affect the proposition that the general jurisdiction over actions for penalties and forfeitures has been and is vested in the District

Court. Hence, when, as here, a statute imposes a penalty and forfeiture, jurisdiction of an action therefor would vest in the District Court, unless it is in express terms placed exclusively elsewhere. If the words, "as debts of like amount are now recovered," were omitted from this last clause, the construction claimed by counsel might be sustained; jurisdiction would then be given to the Circuit Courts. So, if those words were in parenthesis, or even separated from the last part of the clause by a comma, or any similar punctuation, there would be plausibility in the contention; but taking the clause as a whole, giving force to all its words, it would seem to refer to the form of the action rather than to the forum. When it is remembered that a penalty may be recovered by indictment or information in a criminal action, or by a civil action in the form of an action of debt, and also that the Circuit Courts of the United States are, as contradistinguished from the District Courts, the Federal courts of original civil jurisdiction, the significance of this clause is clear. It in effect provides that, although the recovery of a penalty is a proceeding criminal in its nature, yet in this class of cases it may be enforced in a civil action, and in the same manner that debts are recovered in the ordinary civil courts. Repeals by implication are not favored, and the general grant of jurisdiction to the District Courts of suits to recover penalties and forfeitures should not in any case be transferred exclusively to the Circuit Courts by words of doubtful import. In *United States* v. *Mooney*, 116 U. S. 104, a somewhat similar effort was made to construe certain provisions of a statute as divesting the District Courts of their general jurisdiction over suits to recover penalties and forfeitures; but, in the face of language more significant of a change than that here presented, this court sustained such jurisdiction.

A second alleged error is that the act, so far as it imposes this penalty, is unconstitutional. This question was elaborately considered by Mr. Justice Brown, then a Judge of the District Court, in *United States* v. *Craig*, 28 Fed. Rep. 795, and the conclusion reached that there was nothing in the act conflicting with the Constitution. In *Church of the Holy Trinity* v.

*United States,* 143 U. S. 457, its constitutionality was assumed; and since the *Chinese Exclusion Case,* 130 U. S. 581, and the case of *Fong Yue Ting* v. *United States,* 149 U. S. 698, affirming fully the power of Congress over the exclusion of aliens, there can be little doubt in the matter. Given in Congress the absolute power to exclude aliens, it may exclude some and admit others, and the reasons for its discrimination are not open to challenge in the courts. Given the power to exclude, it has a right to make that exclusion effective by punishing those who assist in introducing, or attempting to introduce, aliens in violation of its prohibition. The importation of alien laborers, who are under previous contract to perform labor in the United States, is the act denounced, and the penalty is visited not upon the alien laborer — although by the amendment of February 23, 1887, 24 Stat. 414, c. 220, he is to be returned to the country from which he came — but upon the party assisting in the importation. If Congress has power to exclude such laborers, as by the cases cited it unquestionably has, it has the power to punish any who assist in their introduction.

A third allegation of error is that the court compelled one of the defendants to become a witness for the government, and furnish evidence against himself. The bill of exceptions reads as follows:

"John S. Lees sworn.

"Mr. Fenton: John S. Lees, the witness called, is one of the defendants. This is a proceeding in the nature of a criminal proceeding. I object to his being examined on behalf of the plaintiff, because he is protected by statute.

"(Objection overruled. Exception for defendant.)"

This, though an action civil in form, is unquestionably criminal in its nature, and in such a case a defendant cannot be compelled to be a witness against himself. It is unnecessary to do more than to refer to the case of *Boyd* v. *United States,* 116 U. S. 616. The question was fully and elaborately considered by Mr. Justice Bradley in the opinion delivered in that

case. And within the rule there laid down it was error to compel this defendant to give testimony in behalf of the government.

Not questioning that such is the scope and effect of the decision in *Boyd* v. *United States,* counsel for the government insists that the objection is not properly preserved in the record, and, therefore, not open for our consideration. A single bill of exceptions was prepared to bring on to the record all the proceedings of the trial. It gives all the testimony, the various objections and rulings during its admission, the instructions asked, the charge of the court, and the exceptions thereto, and closes with these words:

" And thereupon the counsel for the said defendants did then and there except to the aforesaid charge and opinion of the said court, and inasmuch as the said charge and opinion, so excepted to, do not appear upon the record:

" The said counsel for the said defendants did then and there tender this bill of exceptions to the opinion of the said court, and requested the seal of the judge aforesaid should be put to the same, according to the form of the statute in such case made and provided. And thereupon the aforesaid judge, at the request of the said counsel for the defendants, did put his seal to this bill of exceptions, pursuant to the aforesaid statute in such case made and provided, this 14th day of May, 1889.

"(Signed) WILLIAM BUTLER. [Seal.]"

The objection is that it nowhere appears, by any direct certificate of the judge, by whom John S. Lees was called to testify, or on whose behalf, or that any objection was made and overruled, or any exception taken. Counsel says in his brief: " It is plainly evident that the bill of exceptions was designed, as it states, to introduce into this record only the charge and opinion of the court, and did not relate to any of the innumerable other matters, as to which it appears that the right to except was reserved at the time of their occurrence, and memoranda entries made at the time for future bills of excep-

tion, should they hereafter be deemed advisable. But the purpose to introduce these matters by such bills of exception seems to have been abandoned; at any rate, no such bills appear in this record, and these matters cannot, therefore, be considered by the court."

There is some plausibility in this contention, inasmuch as the two sentences prior to the last, quoted above from the bill of exceptions, suggest, at least, that the purpose of counsel for defendants was simply to preserve exceptions to the charge, and that the authentication of the judge was requested for that alone. But whatever of force there is in this implication is overborne by the statement in the last sentence of what the judge did. By his signature and seal he authenticated the bill of exceptions, as prepared and presented to him. And all the facts and matters stated in that bill are by such authentication brought into the record for all purposes for which they may legitimately be used.

The bill is a single bill of exceptions, commencing with the opening of the trial and ending with the charge of the court, and as such it is authenticated. And that, by this bill errors other than those in the charge were sought to be preserved, is made clear by the fact that, in the assignments of error filed with the bill, there are separate allegations of error in respect to the rulings of the court in the admission of testimony. It is well settled that, instead of preparing separate bills for each separate matter, all the alleged errors of a trial may be incorporated into one bill of exceptions. *Pomeroy's Lessee* v. *Bank of Indiana*, 1 Wall. 592, 600, 601, in which it was said: "Many exceptions may be inserted in one bill of exceptions, and, of course, it is sufficient if the bill of exceptions is sealed at the close. Accordingly, the practice, in the first and second circuits, is to put every exception taken at the trial into one bill of exceptions, which makes the records less voluminous." See also *Chateaugay Iron Co., Petitioner*, 128 U. S. 544. It does not, however, follow that, because all rulings excepted to at the trial may be incorporated into one bill of exceptions, all the proceedings at the trial ought to be stated at length. On the contrary, we frequently find all the testimony set out in

such a bill when it can serve no useful purpose, and simply encumbers the record. Only so much of the testimony, or the proceedings, as is necessary to present clearly the matters at law excepted to should be preserved in a bill of exceptions. If counsel would pay more attention to this, they would often save this court much unnecessary labor, and their clients much needless expense. Of course, in this case, as in all similar cases, there remains an inquiry as to the scope and sufficiency of any particular objection or exception disclosed by the bill. All that is meant by this ruling is that the objection or exception thus noted is before us for consideration for whatever it is worth. And, turning to the exception now under consideration, it is specific and direct to the one error of compelling the defendant to be a witness against himself. It is not like that in *Railroad Company* v. *Varnell*, 98 U. S. 479, where the exception ran to a whole page of the court's charge, nor was it as in *Hanna* v. *Maas*, 122 U. S. 24, an objection without any exception to the court's ruling, but a distinct objection to a specific matter presented, considered, and overruled, and the ruling excepted to. It was, therefore, sufficient to bring to the consideration of this court the error alleged.

*The judgment is reversed, and the case remanded for a new trial.*

MR. JUSTICE HARLAN did not hear the argument, nor take part in the decision of this case.