---

(49 Misc. Rep. 53)

## In re BIRDSALL.

### (St. Lawrence. County Court. December 13, 1905.)

WITNESSES—PRIVILEGE OF WITNESS ACCUSED UNDER GAME LAWS.

　　Game Laws, Laws 1900, p. 58, c. 20, § 193, providing that "no person shall be excused from testifying in any civil or criminal action or proceeding taken or had under this act upon the ground that his testimony might tend to convict him of a crime," applies only to a person, not a defendant, called as a witness either in a civil or criminal action, and does not include a defendant put upon the witness stand by the people.

　　[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1042–1046.]

Appeal ·from Justice Court.

Alfred W. Birdsall was fined for contempt in refusing to testify in an action brought against him and another to recover a penalty for violation of the game laws, and he appeals. Reversed.

This proceeding grew out of an action brought against the appellant and one Absalom P. Harper to recover a penalty for killing a wild deer and having the venison therefrom in their possession July 15, 1905, in the town of Hopkinton in this county The action was brought on for trial before a justice of the peace of Parishville September 4, 1905. The defendant Birdsall was subpœnaed by the people, and after being duly affirmed was examined by counsel for the people. After answering several questions he refused to answer whether on or about the time and at the place alleged he shot a wild deer, and later on he refused to state whether he knew of the killing of a wild deer either by himself or the defendant Harper at the time and place alleged. The witness put his refusal to answer on the ground that his answers might tend to convict him of a crime, or incriminate him. His attention was called to section 193 of the forest, fish, and game law (Laws 1900, p. 58, c. 20) as offering him protection, and the court directed the witness to answer, which he again refused to do. Application was made September 9, 1905, under section 2975 of the Code of Civil Procedure, to punish the witness for contempt in refusing to testify. A warrant was issued, the witness arraigned, and the matter brought on for determination before the justice September 15th. The witness appeared in person and by counsel and objected to the imposition of a fine on two grounds: (a) That the witness could not be fined under this section, for the reason that so long as he testified in part he did not "refuse to testify" as contemplated by the statute; and (b) that the witness could not be compelled to answer a question which would tend to incriminate him. The court then imposed a fine of $10 and 60 cents costs upon the witness, and from the judgment for that sum entered herein this appeal has been taken.

Theodore H. Swift, for appellant.
Warren O. Daniels, for respondents.

HALE, J. Counsel on both sides have submitted the case with the request that the court determine the construction of section 193 of the forest, fish, and game law (Laws 1900, p. 58, c. 20), to the exclusion of any question of practice involved it being conceded by counsel for the people that no contempt can be predicated of defendant's refusal if he was not compellable to testify, and that that question may be determined on this appeal as from a judgment rendered by a justice's court; and I understand the concession to be made by appellant's counsel that if defendant is compelled to answer the fine imposed is not objected to nor the regularity of the proceeding questioned.

In my opinion section 193 of the game law is not intended to apply to a party to the action. The first part of the section reads as follows:

"No person shall be excused from testifying in any civil or criminal action or proceeding taken or had under this act upon the ground that his testimony might tend to convict him of a crime."

It will be observed that no distinction is made between civil and criminal actions, or other proceedings, if any, which may be taken or had under the game law, so that, if these words are to be taken literally, a sole defendant in a criminal action would have no greater claim to be excused from testifying than would a sole defendant in a civil action. But section 6 of article 1 of the state Constitution provides that no person shall "be compelled in any criminal case to be a witness against himself." The fifth amendment to the Constitution of the United States contains the same prohibition. We must conclude, therefore, either that this part of section 193 does not relate to a party to a criminal action, or that it is unconstitutional. But it relates as much to a criminal as to a civil action, and it can hardly be rejected as unconstitutional as to one and sustained as constitutional as to the other.

No statute is to be condemned as unconstitutional if it is capable of a construction which will save it from such condemnation. It is quite apparent that if it does not relate to a party to a criminal action it may be saved, if the protection accorded to a witness not a party is coextensive with the risk taken by him in giving his testimony.

Section 837 of the Code of Civil Procedure provides that:

"A competent witness shall not be excused from answering a relevant question on the ground only that the answer may tend to establish the fact that he owes a debt or is otherwise subject to a civil suit. But this provision does not require a witness to give an answer which will tend to accuse himself of a crime or a misdemeanor, or expose him to a penalty or forfeiture; nor does it vary any other rule respecting the examination of a witness."

This well-established rule of evidence, operating in all civil cases, must have been intentionally set aside by the Legislature in framing section 193 of the game law, if respondents' claim is correct. Perhaps it is within the power of the Legislature to go to the extent of providing that a witness may be compelled to answer a relevant question, even though his answer may tend to establish the fact that he has subjected himself to a penalty or forfeiture. Lees v. United States, 150 U. S. 476, 14 Sup. Ct. 163, 37 L. Ed. 1150, seems to be to the contrary. But I hesitate to arrive at the conclusion that the Legislature has tried to go that far in this case, because it is so contrary to all that we have been accustomed to. The whole tenor of the statutes which

have been passed from time to time compelling testimony from witnesses who were participants in prohibited acts has been to save them from all direct punitory liability. In People ex rel. Lewisohn v. O'Brien, 176 N. Y. 253, 68 N. E. 353, the Court of Appeals held that section 342 of the Penal Code as it stood prior to the amendment of 1904, which provided that "no person shall be excused from giving testimony upon any investigation or proceeding for a violation of this chapter [i. e., on gaming] upon the ground that such testimony would tend to convict him of a crime; but such testimony cannot be received against him upon any criminal investigation or proceeding"—did not give sufficient immunity to a witness not himself a party, and accordingly held the witness not in contempt for refusal to answer the questions put to him. In 1904 the witness' privilege in gaming cases was enlarged, so as to include not only immunity from prosecution for the crime, but to provide that he shall not be "subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise."

I have made a careful examination of all the similar statutes that occur to me, but find none which has gone to the extent claimed for this one. If respondents' claim is sustained, the prosecution under the game law by civil action for a penalty, which is enforced by execution against the person and by actual confinement in a prison at the rate of one day for each dollar recovered (section 189), will make the game law the only law upon the statute books having this drastic remedy. That the game laws ought to be enforced does not admit of dispute, but the wisdom of seeking exceptional remedies may well be doubted; and I cannot impute to the Legislature an intent to seek the very unusual remedy which the construction asked for would give. I believe the true intent and meaning of section 193 to be that when a person not a defendant is called as a witness, either in a civil or criminal action, he is not excused from giving evidence against another person upon the ground that his testimony might tend to convict him of a crime, and that the section cannot be held to include a defendant put upon the witness stand by the people.

Judgment reversed.