**FELICH v. MEIER, Immigrant Inspector.**

Circuit Court of Appeals, Eighth Circuit.
November 23, 1927.

No. 7583.

1. Aliens ⬥18, 39—Congress has full power to exclude or deport aliens and prescribe conditions for their entrance.

Congress has full power to exclude aliens, to prescribe conditions on which they may enter, to establish regulations covering such subject, and to provide for deportation of those who have entered in opposition to its expressed will.

2. Aliens ⬥46—Statute originally passed as war measure and President's proclamation constituted law prescribing conditions on which alien might enter prior to General Immigration Act (22 USCA §§ 223–226; General Immigration Act [8 USCA §§ 201–226]).

Act May 22, 1918 (22 USCA §§ 223–226), President's proclamation issued pursuant thereto, and Act March 2, 1921 (22 USCA § 227), continuing former act in force in so far as it related to requiring passports and visés from aliens, *held* to constitute law prescribing conditions on which alien might enter prior to General Immigration Act May 26, 1924 (8 USCA §§ 201–226), notwithstanding that act of 1918 was passed as war measure.

**3. Aliens ⬤⟲53—Alien, entering under unexpired passport of another, held subject to deportation (8 USCA § 155; 22 USCA §§ 223–226; 22 USCA § 227).**

Alien, entering United States under unexpired passport of another, *held* subject to deportation, under Act Feb. 5, 1917, § 19 (8 USCA § 155), since such entry was unlawful under Act May 22, 1918 (22 USCA §§ 223–226), President's proclamation issued pursuant thereto, and Act March 2, 1921 (22 USCA § 227).

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Habeas corpus proceeding by Robert Felich, opposed by J. F. Meier, Immigrant Inspector. From an order discharging the writ, Felich appeals. Affirmed.

Robert H. Wallis and Leslie Frazer, both of Salt Lake City, Utah, for appellant.

Edward M. Morrissey, Asst. U. S. Atty., of Salt Lake City, Utah (Charles M. Morris, U. S. Atty., and Jesse K. Smith, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellee.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

LEWIS, Circuit Judge. Appellant sued out the writ of habeas corpus. After hearing the court discharged the writ and remanded him to the custody of the Immigrant Inspector for deportation to Jugo-Slavia, pursuant to the command of the warrant of the Secretary of Labor, under which he was being held. From that order appellant perfected this appeal.

The undisputed facts testified to by appellant at the hearing before the Inspector are these: he was born in Croatia, and is a subject or citizen of Jugo-Slavia. Early in February, 1924, while he was in that country, he had a conversation with one Josip Vukovic, who was his friend and neighbor, in the course of which he learned that Vukovic had in his possession an unexpired passport, which Vukovic agreed to give to appellant to be used by him in returning to the United States. He had previously been in the United States and remained there until March, 1920, at which time he returned to Jugo-Slavia. Vukovic gave appellant the passport and he took it to the American Consul at Zagreb, where he applied for and received a visa for which appellant paid the sum of $10. The passport had been issued in the name of Vukovic and his photograph was attached to it when appellant received it and at all times thereafter. When he presented the passport to the American Consul he signed the name "Josip Vukovic" across the face of the photograph and in another place on the passport. He then took the visaed passport to the steamship office at Zagreb and purchased railroad and steamship tickets to this country, took passage and landed at Ellis Island, presented the passport to the immigration authorities and was permitted to enter on the 27th or 28th of February, 1924. He had a wife and one child who remained in Jugo-Slavia. During all of his residence in the United States he had employment and supported his wife and daughter in the old country. He was a smelter worker.

The warrant states that the proof satisfied the Secretary of Labor that appellant was subject to deportation under the Act of February 5, 1917 (Comp. St. §§ 4289¼a–4289¼u), the Act of May 22, 1918 (22 USCA §§ 223–226), and the President's proclamation issued pursuant to the latter act, in that, the alien "presented a passport issued for the use of and in the name of another person." [1] The issue is one of law. Plainly, appellant had no right to come here, and he asserts no right to stay. He got in by deception, and knew he would be excluded if he did not conceal the facts. We must regard his status as of the time he entered unlawfully. Since then he has been here without right. The question is whether the Secretary was authorized to issue and have executed his warrant of deportation. To be sure, Congress has full power to exclude aliens, to prescribe conditions on which they may enter, to establish regulations covering the subject, and to provide for deportation of those who have entered in opposition to its expressed will. Lees v. United States, 150 U. S. 476, 14 S. Ct. 163, 37 L. Ed. 1150; United States ex rel. v. Williams, 194 U. S. 279, 24 S. Ct. 719, 48 L. Ed. 979.

[2, 3] The Act of May 22, 1918, was passed as a war measure. Its first section, now found as section 223, U. S. C., title 22, reads, in so far as here applicable, thus:

"When the United States is at war, if the President shall find that the public safety requires that restrictions and prohibitions in addition to those provided otherwise than by this section, and the three following, be imposed upon the departure of persons from and their entry into the United States, and shall make public proclamation thereof, it shall, until otherwise ordered by the President or Congress, be unlawful—

"(a) For any alien to depart from or enter, or attempt to depart from or enter the United States, except under such reasonable rules, regulations, and orders, and subject to

such limitations and exceptions, as the President shall prescribe;

\* \* \* \* \* \* \* \* \*

"(c) For any person knowingly to make any false statement in an application for permission to depart from or enter the United States with intent to induce or secure the granting of such permission either for himself or for another;

"(d) For any person knowingly to furnish or attempt to furnish or assist in furnishing to another a permit or evidence of permission to depart or enter not issued and designed for such other person's use;

"(e) For any person knowingly to use or attempt to use any permit or evidence of permission to depart or enter not issued and designed for his use;

"(f) For any person to forge, counterfeit, mutilate, or alter, or cause or procure to be forged, counterfeited, mutilated, or altered, any permit or evidence of permission to depart from or enter the United States;

"(g) For any person knowingly to use or attempt to use or furnish to another for use any false, forged, counterfeited, mutilated, or altered permit, or evidence of permission, or any permit or evidence of permission which, though originally valid, has become or been made void or invalid."

We had occasion to consider this statute and its subsequent history in Flora v. Rustad, 8 F.(2d) 335, to which we refer. The proclamations were made and were unrevoked at the time appellant entered. We also noted in the Flora Case that the Act of March 2, 1921 (41 Stat. 1205, 1217), making appropriations for the diplomatic and consular service, contained this proviso: "That the provisions of the Act approved May 22, 1918, shall, in so far as they relate to requiring passports and visés from aliens seeking to come to the United States, continue in force and effect until otherwise provided by law." 22 USCA § 227. We find no subsequent act repealing or nullifying this proviso, unless it be the General Immigration Act of May 26, 1924 (43 Stat. 153 [8 USCA §§ 201–226]), which was, of course, not enacted until after appellant's entry. And so we think the Act of May 22, 1918, the President's proclamation issued pursuant thereto, and the Act of March 2, 1921, constituted the law prescribing the conditions on which an alien might enter at the time appellant landed at Ellis Island, and that it was unlawful for him to enter without having complied with those conditions. His testimony shows that he did not comply with them. Section 19 of the Act

of February 5, 1917, now section 155, U. S. C., title 8, under which the Secretary's warrant was issued, provides: "\* \* \* any alien who shall have entered or who shall be found in the United States in violation of this subchapter, or in violation of any other law of the United States \* \* \* shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." The authority of the Secretary thus seems clear. We have no doubt appellant was subject to deportation for the reasons stated in the warrant. The Ninth Circuit so held in a case which cannot be distinguished in principle from this. Takeyo Koyama v. Burnett, Immigration Inspector, 8 F.(2d) 940.

The order appealed from is

Affirmed.