**BOWLES, Price Adm'r, v. BERARD.**
**Civil Action No. 1236.**

District Court, E. D. Wisconsin.

Sept. 27, 1944.

Robert Stebbins, Acting Dist. Enforcement Atty., for O. P. A., of Green Bay, Wis., for plaintiff.

G. F. Clifford, of Green Bay, Wis., for defendant.

DUFFY, District Judge.

The matter before the court is a motion by plaintiff under Rule 37(b) (2) (iii), F.R.C.P., 28 U.S.C.A. following section 723c, for judgment by default by reason of defendant's failure to answer interrogatories submitted to him under Rule 33, F.R.C.P.

Treble damages are sought in this action pursuant to Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901 et seq., 925.

The complaint alleges that between December 15, 1942, and February 10, 1943, the defendant sold beef and veal carcasses and wholesale cuts thereof other than at retail in excess of the maximum price established for such carcasses and cuts by revised price regulation 169, as amended. The complaint further alleges that between the aforesaid dates the defendant sold, at other than retail, dressed hogs and wholesale pork cuts in excess of the maximum price established for such hogs and cuts by revised maximum price regulation 148, as amended.

Plaintiff's interrogatories were served on July 11, 1944. Attached to the interrogatories were Exhibit A, referring to cattle, cows and heifers, and Exhibit B, referring to various pork cuts. Each exhibit had various columns designated respectively Purchaser's Name and Address, Invoice No., Invoice Date, Description, Grade (on Exhibit A only), Weight, Invoice Price per Lb., Total Price, Maximum Price per Lb., Overcharge per Lb., and Total Overcharge. The interrogatories inquired as to the correctness of the information listed in the first eight columns of Exhibit A and the first seven of Exhibit B, and if any of the defendant's answers revealed such information to be incorrect or erroneous, inquiry was then made in what respect this was so. On Exhibit A, the following question was asked, "Did any of the listed sales invoices itemize separately the amount charged for transportation and/or local delivery?" And on both exhibits, a question propounded was, "Were any of the sales as stated in said exhibits made to the listed purchasers for their own use or consumption other than in the course of trade or business?"

Rule 33 provides that objections to any interrogatories may be presented to the court within ten days after service thereof. If defendant had any objection to the interrogatories either as to substance or form, he was required to file his objections thereto within such period. This he failed to do. Plaintiff's motion for judgment by default was filed long after defendant's time for objecting to the interrogatories and answering the complaint had expired. However, after plaintiff had moved for judgment, defendant on September 12, 1944, filed its affidavit dated September 11, 1944, which stated: "I, C. M. Berard, being first duly sworn, on oath, refuse to answer the interrogatories interposed in this case

on the advice of counsel on the ground that they would incriminate me."

The defendant claims privilege under the Fifth Amendment to the United States Constitution, which provides: "No person * * * shall be compelled in any Criminal Case to be a witness against himself * * *." Defendant relies upon Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, Lees v. United States, 150 U.S. 476, 14 S.Ct. 163, 37 L.Ed. 1150, and Brown v. Glick Bros. Lumber Co., D.C., 52 F.Supp. 913, the latter being a suit by the Administrator of the O.P.A. for treble damages.

■ The claim of privilege under the Fifth Amendment is a personal right which may be waived. United States ex rel. Vajtauer v. Commissioner of Immigration. 273 U.S. 103, 113, 47 S.Ct. 302, 71 L.Ed. 560. Objections made long after the period for objecting had expired might well be considered waived. However, since the question here involved has been argued on the merits by counsel, a decision will be made on that basis.

■■ The cause of action vested in the administrator by Sec. 205(e) of the Emergency Price Control Act is remedial. The legislative history of the act and its amendments make it clear that this section authorizes a civil action to recover damages. It authorizes the administrator to sue in cases where the cause of action is vested in the purchaser if the latter fails to bring an action within thirty days of the date of the violation. The section states: " * * * If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. * * * *A judgment in an action for damages under this subsection shall be a bar * * *."* (Italics supplied.) This latter provision was intended to bar double recovery under Sec. 205(e). That it does not bar a subsequent action under the penalty section of the act seems to be too clear for argument.

Both the consumer's and the administrator's actions are remedial suits of a civil nature. Congress evidenced no intention to have the consumer suit for damages under this section be remedial and the administrator's be penal. Both are civil actions. The recovery in each is identical: $50 or three times the overcharge, whichever may be the greater. An action by either of them

must be brought within one year, in contrast to the general statutory five year period of limitation provided for penal actions under 28 U.S.C.A. § 791.

Furthermore, the act authorizes the administrator to sue upon behalf of the United States, in which case the administrator is representing the public at large. Even a small raise in commodity prices contributes to inflation, which in turn lessens the purchasing power of money. All members of the public would be damaged by inflation. Moreover, the government especially during time of war is the purchaser of a large amount of the national production of commodities, and would be directly damaged by each unauthorized price inflation. This right of action given to the administrator to sue in behalf of the United States serves to recoup for the government some of the damages suffered due to price increases, and obviously is remedial rather than penal in nature.

Sec. 205(b) of the act contains the penal provisions. The pending action is brought under Sec. 205(e). The situation is similar to that before the court in Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed 917. The court there said (303 U.S. at pages 404, 405, 58 S.Ct. at page 636): "The fact that the Revenue Act of 1928 contains two separate and distinct provisions imposing sanctions, and that these appear in different parts of the statute, helps to make clear the character of that here invoked. The sanction of fine and imprisonment prescribed by Section 146(b) for willful attempts * * * introduced into the act under the heading 'Penalties,' is obviously a criminal one. The sanction of 50 per centum addition * * * prescribed by section 293(b), introduced into the act under the heading 'Additions to the tax,' was clearly intended as a civil one. * * *"

My conclusion herein is contrary to the decision in Brown v. Glick Brothers Lumber Co., D.C., S.D., Cal., supra. I do not choose to follow that case as I think it is wrongly decided. In an opinion shortly thereafter by the District Court for the Northern District of California, in an action brought by the Administrator of the 'O.P.A. for treble damages for sales in excess of established maximum prices (Bowles, Administrator, O.P.A. v. Chew, D.C., 53 F.Supp. 787, 790), that court stated: "Claim of violation of rights guaran-

teed by the Fifth Amendment is without merit, since this is not a criminal action. Nor is the cause of a penal nature, in the sense that the damages sought are by way of punishment for an offense, against the state, which the Executive has power to pardon. * * *"

While the relief asked in plaintiff's motion is a judgment by default, the order to be entered, based on this opinion, may require that the defendant answer each of the interrogatories propounded within twenty days from the date of service of a copy of said order upon him or his counsel. The order may further provide that the defendant may have twenty-five days from the date of service of a copy of said order upon him or his counsel in which to serve and file his answer to the complaint.