BOWLES, Adm'r, Office of Price Administration, v. NASIF.

Civil Action No. 1325.

District Court, W. D. Louisiana,
Shreveport Division.

Feb. 7, 1945.

William B. Phelps, T. Kinnebrew, and M. E. Lafargue, U. S. Atty., all of Shreveport, La., for plaintiff.

Clem V. Ratcliff, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This suit seeks to enjoin defendant from collecting in excess of $25 per month alleged ceiling for the rental of a certain apartment at No. 408 Washington Street in the city of Shreveport, and to recover treble the amount of the alleged excess or difference between the $55 collected and the said $25, a total of $270.

At the trial it developed that the Government claimed the rental at the basic date of July 1, 1943, was $25 per month, because the defendant had collected the said amount in cash; but it also appeared, without dispute, that this tenant had, in ad-

dition, as part of the compensation for use of the apartment, paid the utilities bills, running from $7.50 to $15 per month, and also agreed to take care of the whole premises and did certain minor repairs upon the entire building, consisting of some two apartments other than No. 408. Defendant registered the last mentioned apartment, which is the subject of this suit, at $55 per month, and further testified that after considerable discussion and correspondence with the local OPA office, she was advised to reregister it at $25 per month, which she had collected, as above stated, in cash, and then to apply for an increase or adjustment. This is borne out by other circumstances in the case, including correspondence and suggestions made to the present tenant by agents or employees at the OPA office. There is also no contradiction of this statement by the plaintiff of why she changed the registration from $55 to $25 per month.

There is nothing of a positive nature in the record to show that the local Board has finally decided the question of what is the proper rent to be charged for this apartment, except that the local head of that body testified from certain entries on the application or registration sheet that it was his opinion that the demand for increase above $25 a month had been denied. It seems clear that $55 per month is excessive, but I think it was the duty of the Board to consider all the evidence and elements entering into a fair rental value of this apartment at the basic period, and that until this is done neither the landlord nor the tenant can tell what amount should apply. Each apparently was laboring under the belief that the matter was still being considered by the Board, and for which reason the tenant was paying only what he claimed he was advised to pay by that authority, to-wit, $33 per month.

This statute, 50 U.S.C.A. Appendix, § 901 et seq., is highly penal in its nature and before either the tenant or the Government is permitted to recover the treble damages, which it allows, I think it should be established beyond question and the Board should fix a fair rental for the property. I do not believe this has been done and until it is the suit is premature.

Proper decree should be entered.