BOWLES, Adm'r, Office of Price Administration, v. TROWBRIDGE et al.

No. 23550–S.

District Court, N. D. California, S. D.

April 6, 1945.

Thomas C. Ryan, George A. Faraday, and Ralph Golub, all of San Francisco, Cal., for plaintiff.

George M. Naus, of San Francisco, Cal., and Hagar, Crosby & Crosby, of Oakland, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff has proposed written interrogatories to be answered by defendant under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in an action for injunction and treble damages for alleged violations of section 4(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 904(a). Defendant objects to the interrogatories on the ground that they are proposed in violation of the Fifth Amendment to the United States Constitution, wherein it is provided that "No person * * * shall be compelled in any Criminal Case to be a witness against himself * * *." An action for a penalty is considered a "criminal case" within the purview of this clause. Boyd v. U. S., 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Lees v. United States, 150 U.S. 476, 14 S.Ct. 163, 37 L.Ed. 1150. The question for decision is whether an action for treble damages brought by the Administrator of the Office of Price Administration under section 205(e) of the Act, 50 U.S.C.A.Appendix § 925(e), is one for a penalty.

The District Court decisions upon this question are in conflict, and the question was left open by the Circuit Court of Appeals of this Circuit in Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 571. In that case the Office of Price Administration had examined certain documents belonging to defendants before suing for an injunction and treble damages. The District Court held that the action was one for a penalty, and that defendants were entitled to a dismissal based on their immunity against self-incrimination. The Circuit Court of Appeals reversed the District Court, on the ground that the documents produced for inspection were quasi-public in nature, and that to require the production of such documents would not violate defendants' rights under the Fourth or Fifth Amendment. The Court said, "This is true whether the action be regarded as remedial or penal."

The present situation does not involve the production of documents, but is a direct attempt to compel defendant to testify.

In Huntington v. Attrill, 146 U.S. 657, 673, 683, 13 S.Ct. 224, 230, 36 L.Ed. 1123, the Supreme Court said that the test of whether a statute is remedial or penal "depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act. * * * The test is not by what name the statute is called by the legislature or the courts of the state in which it was passed, but whether it appears to the tribunal which is called upon to enforce it to be, in its essential character and effect, a punishment of an offense against the public, or a grant of a civil right to a private person."

Section 925 of 50 U.S.C.A.Appendix, is entitled "Enforcement," and provides for fine and imprisonment, suspension of licenses, injunctions, and treble damages, for violations of the Act. Section 925(e), relating to suits for treble damages, limits suits thereunder by private individuals to the ultimate consumer or tenant, each of whom is designated in the Act as the "buyer." Actions for treble damages may not be brought by one who purchases in the course of trade or business, and the Administrator is empowered in such cases to sue on behalf of the United States. The damages for which he sues are usually based upon an accumulation of sales to a number of customers, and are many times greater than the amount of damages the buyer may ordinarily claim. As originally enacted, the statute permitted the buyer to sue within a year of the violation. By amendment of June 30, 1944, 50 U.S.C.A.Appendix § 925(e), the limitation of the buyer's action has been reduced to thirty days after the violation, and at the end of that time the Administrator may sue in the buyer's stead on behalf of the United States, and such suit by the Administrator operates as a bar to any subsequent action by the buyer for damages for the same violation. No notice to the buyer of the Administrator's intention to sue is

required by statute, and he may presumably lose his right of action without being aware that such right existed. The relatively short period within which the buyer may exercise his right to damages under this provision indicates that the true purpose of the section is to aid in the enforcement of the Act by providing an additional means of punishing offenders, and is not primarily to provide a remedy to private parties who are injured by violations of the Act. This purpose is also shown by the further amendment of section 205(e), which provides that damages shall be only the amount of the overcharge if defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Treble damages are assessed, therefore, to punish willfulness or carelessness, rather than to remedy the wrong caused to an individual or sovereign, for the injury would be the same whether the violation were voluntary or involuntary.

In Bowles v. Berard, 57 F.Supp. 94, the District Court of Wisconsin held that both the buyer's and the administrator's actions are remedial suits of a civil nature; that when the Administrator sues on behalf of the United States he represents the public at large, who would be damaged by inflation; and also enables the Government to recoup for damages suffered due to resultant price increases in wartime commodities which it purchases. With regard to the first argument, it may be said that in the prosecution of any public offense the Government sues on behalf of the public at large. Almost any crime or offense which involves money or property affects the national economy, and both the public and the Government in its sovereign capacity benefit directly or indirectly from the punishment of the offender. So far as recoupment by the Government of its own damages caused by inflation is concerned, unless it purchases goods in excess of ceiling prices from the offender himself, I think the violation of the act by an individual has too remote an effect on the price of commodities purchased by the Government to be considered a basis for civil damages.

In Brown v. Cummins Distilleries, 56 F.Supp. 941, 942, the District Court of Kentucky held that an action by the Administrator under section 205(e) is one for a penalty. The court said: "It [a penalty] is essentially different from the idea of damages which is compensation to an injured party for the injury which he has suffered. In a proceeding of this nature the plaintiff has suffered no damages, and the action is not for the purpose of compensation. Regardless of the language in the statutory provision, it is the nature of the provision itself that is controlling. The action is essentially one for the recovery of a penalty."

In Miller v. Municipal Court, 22 Cal.2d 818, 142 P.2d 297, the Supreme Court of California held that section 205(e) is a penal provision with respect to suits brought by the buyer as well as by the Administrator.

In Bowles v. Nasif, D.C., 58 F.Supp. 644, 645, an action by the Administrator for treble damages, the question of whether section 205(e) is remedial or penal is not directly presented, but the court remarks that "This statute, 50 U.S.C.A.Appendix, § 901 et seq., is highly penal in its nature * * *."

An action for treble damages would not be a bar to a later criminal suit by the United States against the defendant. It cannot be questioned that the defendant in such criminal action would have the privilege of refusing to testify. Yet if the privilege does not extend to the present action, incriminating testimony might be elicited from defendant here which would enable his conviction in a criminal case. If this be so, the protection guaranteed by the Fifth Amendment would be an empty shell. In United States v. Goodner, D.C., 35 F.Supp. 286, 290, the court said: "This provision [against self-incrimination], long regarded as one of the safeguards of civil liberty, should be, and according to the authorities must be, applied in a broad spirit to secure to the citizen immunity from self-accusation, and applies to all proceedings wherein the defendant is acting as a witness in any investigation that requires him to give testimony that might tend to show him guilty of a crime * * *."

I conclude that the present action is one for a penalty within the rule set forth in Huntington v. Attrill, supra.

Defendant's objections to plaintiff's proposed interrogatories will be sustained.