### PORTER v. HEEND et al.
#### No. 46C1213.

District Court, N. D. Illinois, E. D.
March 12, 1947.

William J. Corrigan and Abraham Miller, both of Chicago, Ill., for plaintiff.

John R. Allen, Chritton, Wiles, Schroeder, Merriam & Hofgren, Vincent J. Green and Jaffe & Green, all of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

The defendants have filed objections to the interrogatories submitted by the plaintiff, on the grounds that they are too numerous and require compilation of data from sources not in the defendants' posses-

sion, and that the defendants cannot be compelled to testify because an action for treble damages is penal in nature, and the defendants therefore have a constitutional privilege against self-incrimination.

There are forty-three interrogatories. Forty of them each ask whether a sale of one or more electric generating plants was made to a specified buyer on or about May 8, 1946. The last three interrogatories ask, with reference to each sale, the model number, serial number, KW rating, and description of each electric generating plant sold, the OPA regulations under which the defendants determined the maximum selling price, and how such price was established. With reference to each sale, therefore, four questions are asked. This is surely not an excessive number. The information is, or should be, in the possession of the defendants.

The more serious question is whether these interrogatories are objectionable as an invasion of the defendants' privilege against self-incrimination under the Fifth Amendment to the United States Constitution. The defendants contend that the provision for treble damages is not remedial, but penal. Whether, however, that provision is regarded as penal or remedial is immaterial, since the privilege applies also in a civil case when there is involved conduct which is also criminal. 8 Wigmore on Evidence, sec. 2257 (1940); cf. Bowles v. Glick Bros. Lumber Co., 9 Cir., 1945, 146 F.2d 566, where the court declared, at page 571, that the Administrator's inspection of the defendant's records did not violate the Fourth or Fifth Amendments "whether the action be regarded as remedial or penal". Since an action for treble damages does not bar a subsequent criminal prosecution under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(b, e), the privilege may be invoked by the defendants regardless of whether this action be regarded as remedial or penal.

Like the Glick Bros. case, most cases on this point have involved examination of a defendant's records. Bowles v. Misle, D.C.Neb.1946, 64 F.Supp 835, and cases reviewed therein. Although the privilege against self-incrimination is not limited to oral testimony, but extends also to the production of incriminating documents, 8 Wigmore on Evidence, sec. 2264, 1940, it does not extend to so-called quasi public records required by law to be kept. 8 Wigmore on Evidence, sec. 2259c, 1940. These records are required to be kept in pursuance of the constitutional power to regulate certain business. If the production of such records could be prevented by the defendant's claim of constitutional privilege because such records might prove his guilt, government would be rendered impotent in exercising its powers of regulation.

The defendants herein rely chiefly on Bowles v. Trowbridge, D.C.Cal., 1945, 60 F.Supp. 48, in which the court distinguished the cases involving production of quasi public documents, held that an action for treble damages is a penal action, and concluded that the defendant could assert his constitutional privilege in refusing to answer interrogatories. Bowles v. Berard, D.C.Wis., 1944, 57 F.Supp. 94, held, on the other hand that the treble damage action is remedial and the defendant must answer interrogatories.

In view of the anaysis of the privilege against self-incrimination heretofore given, I do not think that its application in a particular situation can be determined simply by calling an action penal or remedial, or by distinguishing between giving testimony and producing records. First, a defendant should not be compelled in a civil (or "remedial") action to disclose conduct subjecting himself to possible criminal penalties in a situation where an exception to the constitutional privilege does not appear. Such an exception exists in the case of quasi public records, regardless of whether the question arises in a remedial or penal action. Second, since a defendant's guilt many appear from what he says or from what his records show, the constitutional privilege extends its protection generally to both his testimony and his records.

In the present case, the Administrator is seeking, by way of interrogatory, certain information which the defendants should have in their records and which the Administrator could seek by an examination of such records. Since the defendants

would have to submit records, such as sales invoices, by which the plaintiff could determine whether certain sales were made, the defendants cannot object that the plaintiff seeks such information instead by interrogatory, because the scope of the constitutional privilege against self-incrimination is the same in this instance, whether applied to testimony or records. I conclude therefore that the defendants must answer interrogatories 1 through 41, pertaining to certain designated sales and certain information concerning the electric generating plants allegedly involved in each sale.

Interrogatories 42 and 43, however, seek a different kind of information. They ask what regulations of the Office of Price Administration were followed by the defendants in establishing the selling price of the electric generating plants, and how such price was established. It is obvious that if certain OPA regulations govern the price of electric generating plants, and if the defendants did not follow such regulations, or any other OPA regulations, the answers to these interrogatories would establish the defendants' guilt. It may be that the defendants will, as a matter of defense, set forth how their sale prices were determined. But they cannot be compelled to do so if they choose to assert their privilege against self-incrimination.

The clerk is directed to enter appropriate orders accordingly.