**UNITED STATES v. FISHMAN et al.**

United States District Court
S. D. New York.

Nov. 14, 1952.

See also 15 F.R.D. 151.

Myles J. Lane, U. S. Atty., New York City, for plaintiff.

Friedman & Friedman, Brooklyn, N. Y., for defendants.

SUGARMAN, District Judge.

In a civil action brought by the United States against movants to recover a statutory penalty of $5,000 under the Wool Products Labeling Act of 1939,[1] the United States served upon defendants' attorneys a notice that it would take defendants' depositions upon oral examination.

Defendants now move for an order vacating said notice on the ground that de-

1. 15 U.S.C.A. § 68d.

fendants may not be compelled to testify against themselves, this suit being one to recover a penalty or forfeiture and therefore quasi-criminal in nature.

Defendants presumably rely on the privilege against self-incrimination granted by Amendment V of the Constitution of the United States.[2]

An action "to recover a penalty or to enforce a forfeiture" comes within the scope of Fed.Rules Civ.Proc. rule 26, 28 U.S.C.A.[3] Rule 26 is, however, subject to the paramount protection afforded by the Fifth Amendment to the Constitution.[4] Defendants having made timely claim to their privilege, the notice is vacated.

Settle order.

---

2. "No person * * * shall be compelled in any criminal case to be a witness against himself, * * *."

3. Moore's Federal Practice, 2d Ed., Vol. 4, par. 26.05, p. 1032.

4. Lees v. United States, 150 U.S. 476, 14 S.Ct. 163, 37 L.Ed. 1150; Johnson v. Donaldson, C.C.S.D.N.Y., 3 F. 22; Wigmore on Evidence, 3d Ed., Vol. VIII, § 2256, p. 330.